Mahyar Ghassemian, Esq. [SBN 203839]
mghassemian@glgattorneys.com
Stephen Kitagawa, Esq. [SBN 194254]
skitagawa@glgattorneys.com
GHASSEMIAN LAW GROUP, APC
27405 Puerta Real, Suite 250
Mission Viejo, CA 92691
Telephone: (949) 436-2785
Facsimile: (949) 371-8076
Attorneys for LPC Survival, LTD dba
USA Berkey Filters, erroneously sued as
LPC SURVIVAL, LTD D/B/A
US BERKEY FILTERS

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NATHAN GAINES, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br>vs.<br><br>LPC SURVIVAL, LTD D/B/A US BERKEY FILTERS<br><br>Defendant. | Case No.: 2:25-cv-09291<br><br>*[Assigned for All Purposes To: Honorable John F. Walter, Department 7A, 7th floor]*<br><br>ANSWER TO CLASS ACTION COMPLAINT<br><br>Action Filed: September 29, 2025<br>Trial Date: Not Yet Set |

Defendant, LPC Survival, LTD, dba USA Berkey Filters ("LPC"), erroneously sued as LPC SURVIVAL, LTD D/B/A US BERKEY FILTERS hereby submits its answer to the Class Action Complaint (the "Complaint") filed by Plaintiff Nathan Gaines, individually and on behalf of all others similarly situated (Plaintiff or Plaintiffs), as follows:

/ / /

## RESPONSE TO ALLEGATIONS

## INTRODUCTION

Defendants answer the following allegations in the Preliminary Statement section of the Complaint as follows:

1. This paragraph is a general statement by Plaintiff. LPC lacks sufficient knowledge or information to form a belief as to the truth of what Plaintiff alleges in paragraph 1 of the Complaint and therefore denies the same.

2. This paragraph is a general statement by Plaintiff. LPC lacks sufficient knowledge or information to form a belief as to the truth of what Plaintiff alleges in paragraph 2 of the Complaint and therefore denies the same.

3. This paragraph is a general statement by Plaintiff. LPC lacks sufficient knowledge or information to form a belief as to the truth of what Plaintiff alleges in paragraph 1 of its Complaint and therefore denies the same.

## NATURE OF THE CLAIM

4. LPC lacks sufficient knowledge or information to form a belief as to the truth of what Plaintiff alleges in paragraph 1 of its Complaint and therefore denies the same.

5. LPC denies the entire allegation in paragraph 5 of the Complaint.

6. LPC denies the entire allegation in paragraph 6 of the Complaint.

/ / /

## JURISDICTION AND VENUE

7. LPC lacks sufficient knowledge or information to form a belief as to the truth of what Plaintiff alleges in paragraph 7 of its Complaint and therefore denies same.

8. LPC admits that, although not certain, it may have very limited business activity in this District and therefore does not object to personal jurisdiction of the court.

## PARTIES

9. LPC lacks sufficient knowledge or information to form a belief as to the truth of what Plaintiff alleges in paragraph 9 of its Amended Complaint and therefore denies the same.

10. LPC admits the allegation in paragraph 10 of the Complaint that it is a Nevada corporation located in Nevada.

11. Paragraph 11 is a general statement of fact and LPC lacks sufficient knowledge or information to form a belief as to the truth of what Plaintiff alleges in paragraph 9 of its Amended Complaint and therefore denies the same.

12. LPC denies the entire allegation in paragraph 12 of the Complaint.

13. LPC denies the entire allegation in paragraph 13 of the Complaint.

14. LPC denies the entire allegation in paragraph 14 of the Complaint.

15. LPC denies the entire allegation in paragraph 15 of the Complaint.

16. LPC denies the entire allegation in paragraph 16 of the Complaint.

17. LPC denies the entire allegation in paragraph 17 of the Complaint.

18. LPC denies the entire allegation in paragraph 18 of the Complaint.

19. LPC denies the entire allegation in paragraph 19 of the Complaint.

20. LPC denies the entire allegation in paragraph 20 of the Complaint.

21. LPC denies the entire allegation in paragraph 21 of the Complaint.

22. LPC denies the entire allegation in paragraph 22 of the Complaint.

23. LPC lacks sufficient knowledge or information to form a belief as to the truth of what Plaintiff alleges in paragraph 23 of its Complaint and therefore denies the same.

24. LPC lacks sufficient knowledge or information to form a belief as to the truth of what Plaintiff alleges in paragraph 23 of its Complaint and therefore denies the same.

25. LPC admits the allegation in paragraph 25 of the Complaint.

26. LPC lacks sufficient knowledge or information to form a belief as to the truth of what Plaintiff alleges in paragraph 26 of its Complaint and therefore denies the same.

/ / /

/ / /

/ / /

## CLASS ALLEGATIONS

27. LPC lacks sufficient knowledge or information to form a belief as to the truth of what Plaintiff alleges in paragraph 27 of its Complaint, namely whether the case can be brought as a class action and therefore denies the same.

28. LPC lacks sufficient knowledge or information to form a belief as to the truth of what Plaintiff alleges in paragraph 28 of its Complaint and therefore denies the same.

29. LPC lacks sufficient knowledge or information to form a belief as to the truth of what Plaintiff alleges in paragraph 29 of its Complaint and therefore denies the same.

30. LPC lacks sufficient knowledge or information to form a belief as to the truth of what Plaintiff alleges in paragraph 30 of its Complaint and therefore denies the same.

31. LPC lacks sufficient knowledge or information to form a belief as to the truth of what Plaintiff alleges in paragraph 31 of its Complaint and therefore denies the same.

32. LPC lacks sufficient knowledge or information to form a belief as to the truth of what Plaintiff alleges in paragraph 32 of its Complaint and therefore denies the same.

/ / /

33. LPC lacks sufficient knowledge or information to form a belief as to the truth of what Plaintiff alleges in paragraph 33 of its Complaint and therefore denies the same.

34. LPC lacks sufficient knowledge or information to form a belief as to the truth of what Plaintiff alleges in paragraph 34 of its Complaint and therefore denies the same.

35. LPC lacks sufficient knowledge or information to form a belief as to the truth of what Plaintiff alleges in paragraph 35 of its Complaint and therefore denies the same.

36. LPC lacks sufficient knowledge or information to form a belief as to the truth of what Plaintiff alleges in paragraph 36 of its Complaint and therefore denies the same.

37. LPC lacks sufficient knowledge or information to form a belief as to the truth of what Plaintiff alleges in paragraph 37 of its Complaint and therefore denies the same.

38. LPC lacks sufficient knowledge or information to form a belief as to the truth of what Plaintiff alleges in paragraph 38 of its Complaint and therefore denies the same.

/ / /

/ / /

**ANSWER to COUNT 1**

**VIOLATION OF 47usc 227(C) and 47 CFR 64.1200(D)**

39. LPC lacks sufficient knowledge or information to form a belief as to the truth of what Plaintiff alleges in paragraph 39 of its Complaint and therefore denies the same.

40. LPC lacks sufficient knowledge or information to form a belief as to where this exact language was cited from because it does not comport with the language of 47 C.F.R. section 64.1200(d) that Plaintiff alleges in paragraph 40 of its Complaint and therefore denies the same.

41. LPC lacks sufficient knowledge or information to form a belief as to where this exact language was cited from because it does not comport with the language of 47 C.F.R. section 64.1200(e) that Plaintiff alleges in paragraph 41 of its Complaint and therefore denies the same.

42. LPC lacks sufficient knowledge or information to form a belief as to the truth of what Plaintiff alleges in paragraph 42 of its Complaint in regards to who Plaintiffs are and therefore denies the same. LPC denies the second part of the allegation in paragraph 42 that it failed to comply with the Code.

43. LPC lacks sufficient knowledge or information to form a belief as to the truth of what Plaintiff alleges in paragraph 43 of its Complaint and therefore denies the same.

44. LPC lacks sufficient knowledge or information to form a belief as to the truth of what Plaintiff alleges in paragraph 44 of its Complaint and therefore denies the same.

45. LPC lacks sufficient knowledge or information to form a belief as to the truth of what Plaintiff alleges in paragraph 45 of its Complaint and therefore denies the same.

46. LPC lacks sufficient knowledge or information to form a belief as to the truth of what Plaintiff alleges in paragraph 46 of its Complaint and therefore denies the same.

47. LPC denies the entire allegation in paragraph 47 of the Complaint.

48. LPC denies the entire allegation in paragraph 48 of the Complaint.

49. LPC denies the entire allegation in paragraph 49 of the Complaint.

50. LPC denies the entire allegation in paragraph 50 of the Complaint.

51. LPC lacks sufficient knowledge or information to form a belief as to the truth of what Plaintiff alleges in paragraph 51 of its Complaint and therefore denies the same.

52. LPC denies the entire allegation in paragraph 52 of the Complaint.

53. LPC lacks sufficient knowledge or information to form a belief as to the truth of what Plaintiff alleges in paragraph 53 of its Complaint and therefore denies the same.

54. LPC lacks sufficient knowledge or information to form a belief as to the truth of what Plaintiff alleges in paragraph 54 of its Complaint and therefore denies the same.

## PRAYER FOR RELIEF

55. LPC denies that Plaintiff is, and any alleged Class members are entitled to any of the relief sought in sub-paragraphs a through c of the Complaint's Prayer for Relief.

## GENERAL DENIAL

56. LPC denies all other allegations of the Complaint not specifically referenced herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

57. The Complaint, and each claim and count stated therein, fail to allege facts that are sufficient to state a claim against LPC.

### SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing or Authority)

58. The Complaint, and each claim and count stated therein, are barred because Plaintiff has failed to allege facts which establish that it has any standing or authority to bring, file, or maintain this action against LPC.

**THIRD AFFIRMATIVE DEFENSE**

**(No Causation of Damages)**

59. Plaintiff is barred from any relief against LPC because it cannot prove any facts showing that LPC's conduct was the cause of any damages sustained by Plaintiff.

**FOURTH AFFIRMATIVE DEFENSE**

**(Violations of Fed. R. Civ. P. 11(b), California Code of Civil Procedure §128.5, and 15 U.S.C. §1117(a))**

60. Plaintiff's Complaint, and each count and prayer for relief stated therein, lack evidentiary support, are not warranted by existing law, and have been presented for an improper purpose in violation of Fed.R.Civ.P. 11(b). In addition, the claims asserted are frivolous, groundless, and totally and completely without merit in violation of California Code of Civil Procedure §128.5. As a result, Defendants are entitled to an award for the attorney's fees and costs incurred in defending this action.

**FIFTH AFFIRMATIVE DEFENSE**

**(FAILURE TO PROVIDE ADEQUATE NOTICE)**

61. LPC is informed and believes and thereon alleges that, if it should be found that Plaintiff is in any manner in breach of any obligations, which supposition is not admitted, but merely stated for the purpose of this affirmative

defense, Plaintiff herein failed to give adequate notice to LPC within a reasonable time after the Plaintiff knew or should have known of the alleged breach by LPC as set forth in the Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

**(MITIGATION OF DAMAGES)**

62. LPC is informed and believes and thereon alleges that Plaintiff has failed to mitigate its damages.

**SEVENTH AFFIRMATIVE DEFENSE**

**(DOCTRINE OF UNCLEAN HANDS)**

63. LPC is informed and believes and thereon alleges that Plaintiff seeks equitable relief from this Court, but has failed itself to do equity; therefore, it is barred from relief by the doctrine of unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

**(LACHES)**

64. LPC is informed and believes and thereon alleges that Plaintiff is barred from any recovery against LPC under the doctrine of Laches in that Plaintiff has waited an unreasonable amount of time before filing its Complaint, resulting in substantial prejudice and detriment to LPC.

/ / /

/ / /

**NINTH AFFIRMATIVE DEFENSE**

**(WAIVER)**

65. LPC is informed and believes and thereon alleges that Plaintiff has engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of duty, act, omission or any other conduct, if any, as set forth in the Complaint.

**TENTH AFFIRMATIVE DEFENSE**

**(ESTOPPEL)**

66. LPC is informed and believes and thereon alleges that Plaintiff engaged in conduct and activities with respect to the subject of this litigation, and incidents which are the subject of the Complaint and, by reason of such activities and conduct, is estopped from asserting any claims for damages or seeking any other relief against LPC.

**ELEVENTEENTH AFFIRMATIVE DEFENSE**

**(CONSENT)**

67. LPC is informed and believes and thereon alleges that Plaintiff had full knowledge at the time of events thereon alleged and with full knowledge, Plaintiff consented to such acts and voluntarily invited and assumed same. Plaintiff is, therefore, barred from any recovery thereon.

/ / /

**TWELFTH AFFIRMATIVE DEFENSE**

**(FRAUDULENT ACTS OF PLAINTIFF)**

68. LPC is informed and believes and thereon alleges that Plaintiff is barred from any recovery on the alleged claims in the Complaint by virtue of Plaintiff's fraudulent acts in the course of Plaintiff's conduct.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(RELIEF NOT AVAILABLE)**

69. As a further and separate answer and defense to the Complaint, and each claim and count thereof, LPC alleges that the relief sought by Plaintiff in the Complaint is not available as a matter of law, under the applicable statutes, cases and authorities.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(RELEASE AND WAIVER)**

70. LPC is informed and believes and thereon alleges that Plaintiff's actions constitute a full release and waiver of any and all claims which may have existed against LPC.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(SPECULATIVE DAMAGES)**

71. As a further and separate answer and defense to the Complaint, and each cause of action thereof, LPC alleges that any damages claimed by Plaintiff in

the Complaint are speculative.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(CONSENT TO ALL INTENTIONAL ACTS ALLEGED)**

72. LPC is informed and believes and thereon alleges that Plaintiff had full knowledge at the time of events thereon alleged of any intentional acts performed by LPC and with full knowledge, Plaintiff consented to such acts and voluntarily invited and assumed same. Plaintiff is, therefore, barred from any recovery thereon.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(FRIVOLOUS ACTION)**

73. As a further and separate answer and defense to the Complaint, and each cause of action thereof, LPC alleges that the Complaint, and each purported claim and count contained therein, was brought without reasonable cause and without a good faith belief that there was a justifiable controversy under the facts and the law to warrant the filing of the Complaint against LPC. The Plaintiff is therefore responsible for all necessary and reasonable defense costs including attorneys' fees incurred by LPC in defending against this action, as more particularly set forth in California *Code of Civil Procedure* Section 128.7, because the action is frivolous, in bad faith and completely without merit as to LPC.

/ / /

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(ACTION IN BAD FAITH)**

74. As a further and separate answer and defense to the Complaint, and each cause of action thereof, LPC alleges that the Complaint was brought without reasonable cause and without a good faith belief that there was a justifiable controversy under the facts or the law which warranted the filing of the Complaint against LPC. Plaintiff should, therefore, be responsible for all of LPC's necessary and reasonable defense costs.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(FRAUD)**

75. As a separate and distinct affirmative defense as against each and every cause of action contained in the Complaint, LPC is informed and believes and thereon alleges that in the event that Plaintiff has taken part in any fraudulent act, including intentional or negligent misrepresentations or suppression of material facts, LPC asserts the same as a separate and distinct affirmative defense as against each and every cause of action contained in the Complaint which has been brought against LPC.

/ / /

/ / /

/ / /

**TWENTIETH AFFIRMATIVE DEFENSE**

**(FAILURE TO GIVE PROPER NOTICE)**

76. As a separate and distinct affirmative defense as against each and every claim and count contained in the Complaint, LPC is informed and believes and thereon alleges that Plaintiff failed to give required notice of its claims and therefore has waived any recovery for any of the matters alleged in the Complaint by reason of its failure to timely notify LPC of its claims.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(RESERVATION TO INSERT FUTURE DEFENSES)**

77. LPC reserves the right to amend this Answer to assert any other affirmative defenses as may be supported by any new fact(s) developed through future investigation, discovery or analysis.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(ADDITIONAL AFFIRMATIVE DEFENSES)**

78. As a further and separate answer and defense to the Complaint, and each claim and count thereof, LPC reserves the right to amend this Answer and alleges additional affirmative defenses upon discovery of the factual and or legal basis for same.

WHEREFORE, Defendants pray for Judgment against Plaintiff as follows:

1. That Plaintiff take nothing by the Complaint; and

2. For dismissal of the Complaint; and

3. That Plaintiffs be granted not relief against LPC; and

4. That judgment be rendered in favor of LPC and against Plaintiffs on each and every claim and count alleged in the Complaint;

5. For attorneys' fees incurred by LPC; and

6. For costs of suit incurred by LPC; and

7. For such damages and penalties that the Court may assess against the Plaintiffs for frivolous litigation; and

7. For such other and further relief as this Court deems just and proper.

Dated: November 3, 2025

**GHASSEMIAN LAW GROUP, APC**

By: */s/ Mahyar Ghassemian*
MAHYAR GHASSEMIAN, ESQ.
Attorney for LPC Survival, LTD dba USA Berkey Filters, erroneously sued as LPC SURVIVAL, LTD D/B/A US BERKEY FILTERS

**PROOF OF SERVICE**
**C.C.P. §1013(a)(3)**
**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 27405 Puerta Real, Suite 250, Mission Viejo, CA 92691.

On November 3, 2025, I served the foregoing documents described **ANSWER TO CLASS ACTION COMPLAINT** on the interested parties in this action:

| | |
|---|---|
| Gerald D. Lane, Jr., Esq.<br>THE LAW OFFICES OF JIBRAEL S. HINDI<br>1515 NE 26th Street<br>Wilton Manors, FL 33305 | Attorneys for Plaintiff, Nathan Gaines<br>T: (754) 444-7593<br>F:<br>Email: jgerald@jobraellaw.com |

[X] **BY MAIL:** I deposited such envelope in the mail at Mission Viejo, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice collection and processing correspondence for mailing. Under that practice, said correspondence is deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Mission Viejo, California in the ordinary course of business; and there is delivery service by United States mail at the place so addressed. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ghassemian Law Group.

I am readily familiar with the firm's practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery the same day as the correspondence is placed for collection.

[ ] **BY FACSIMILE TRANSMISSION:** Based on agreement of the parties to accept service by facsimile transmission, I transmitted said documents to the offices of the addressee(s) listed above via facsimile. No error was reported by the facsimile machine that I used.

[X] **BY ELECTRONIC MAIL [EMAIL]:** I served the foregoing document by electronic mail (email) to the addressee(s) listed above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 3, 2025, at Mission Viejo, California.

By: Naomi

NAOMI ZHANG