Mahyar Ghassemian, Esq. [SBN 203839]
mghassemian@glgattorneys.com
Stephen Kitagawa, Esq. [SBN 194254]
skitagawa@glgattorneys.com
GHASSEMIAN LAW GROUP, APC
27405 Puerta Real, Suite 250
Mission Viejo, CA 92691
Telephone:  (949) 436-2785
Facsimile:  (949) 371-8076

Attorneys for Defendant/Counterclaim Plaintiff LPC SURVIVAL, LTD D/B/A
BERKEY FILTERS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN GAINES, individually and on behalf of all others similarly situated;<br><br>        Plaintiff,<br><br>    vs.<br><br>LPC SURVIVAL, LTD D/B/A USA BERKEY FILTERS<br><br>    Defendant. | Case No. 2:25-CV-09291-JFW<br><br>**DEFENDANT'S COUNTERCLAIM PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 14**<br><br>Judge: Hon. John F. Walker<br>Dept:  7 A, 7th floor<br><br>Complaint Filed:  September 29, 2025<br>Trial Date:        Not Yet Set |
| LPC SURVIVAL, LTD D/B/A USA BERKEY FILTERS;<br><br>    Counterclaimant,<br><br>     vs.<br><br>PODIUM CORPORATION, INC.;<br><br>    Counter-defendant. | |

- 1 -

**COUNTERCLAIM**

## COUNTERCLAIM OF LPC SURVIVAL, LTD D/B/A USA BERKEY FILTERS

Defendant and Counterclaimant LPC SURVIVAL, LTD, doing business as USA BERKEY FILTERS ("LPC"), by its undersigned attorneys, GHASSEMIAN LAW GROUP, APC, asserts its counterclaims against Counter-Defendant PODIUM CORPORATION, INC. ("PODIUM") and ROES 1 through 20 as follows:

1. Breach of Contract
2. Breach of the Implied Covenant of Good Faith and Fair Dealing
3. Negligence
4. Express Indemnity
5. Equitable Indemnity
6. Violation of California Business & Professions Code § 17200 (Unfair Competition Law)
7. Declaratory Relief.

## NATURE OF THE COUNTERCLAIM

1. LPC brings this Counterclaim based on PODIUM's breach of its contractual duties to provide and perform certain of its advertised "proprietary multi-product platform" services, which included, without limitation, PODIUM's reputation management tools, messaging and communication tools, payment processing and related services, among other advertised services to LPC's business website.

2. LPC and PODIUM entered into the written Renewal Order ("Agreement") for PODIUM's web-based services in or around November 2024.

3. Within the Agreement, PODIUM was contractually obligated to perform web-based services for LPC's online business and marketing platforms,

- 2 -
COUNTERCLAIM

including its message, communication and chat features and all aspects of LPC customer relations contained therein.

4.    PODIUM's alleged failure to unsubscribe Plaintiff NATHAN GAINES, and those similarly situated, from LPC's text message marketing materials upon the alleged "opt-out" election by Plaintiff constitutes a breach of its contractual duties pursuant to the Agreement.

## JURISDICTION AND VENUE

5.    Jurisdiction is proper in this Court to the extent that federal question jurisdiction exists pursuant to 28 U.S.C. § 1332, as the underlying action alleged in Plaintiff's Complaint is made pursuant to the Telephone Consumer Protection Act of 1991 (TCPA), codified at 47 U.S.C. § 227.

6.    This Court has personal jurisdiction over PODIUM because it transacts business in this judicial district, has a continuous, systematic, and substantial presence within the Central District of California, and has engaged in conduct within this District, including the acts that give rise to the counterclaims alleged by LPC and causing damage within this District.

7.    Venue is proper in this district under 28 U.S.C. §1391 in that the claims arise in this judicial district and Counter-defendant PODIUM transacts business in this judicial district.

## PARTIES

8.    Counterclaimant LPC is a registered Nevada corporation, with its principal place of business in the State of Nevada.

9.    On information and belief, Plaintiff is an individual who lives and resides in the State of California.

10.    On information and belief, Counter-defendant PODIUM is a Utah corporation, with its principal place of business in the State of Utah.

COUNTERCLAIM

# COUNTERCLAIM FACTS

11.    At all times relevant herein, LPC was, and is, engaged in the business of online commerce for the marketing and sale of consumer water filters. LPC's business is conducted online, with no physical presence or store locations anywhere in the United States or globally.

12.    To maintain, control, and manage its online business operations, LPC routinely engages third party e-commerce services and/or product platforms to provide various marketing and/or communication functions on behalf of LPC.

13.    One of the third-party operators utilized by LPC for its e-commerce business was PODIUM, who advertised itself as providing "a proprietary multi-product platform" that included without limitation: "reputation management tools ("Reviews" and "Feedback"), messaging and communication tools ("Inbox," "Webchat," "Automations," "Phones" (formerly Voice), and "Bulk Messages" (formerly Campaigns), payment processing and related services ("Payments"), certain Free Access Subscription or Beta Releases (as defined below), and any other services Podium may offer from time to time (together with the Website, the "Service(s)")." (See PODIUM Terms of Service; available at: https://legal.podium.com/#termsofservice-us/%20),).

12.    PODIUM's publicly available website further advertises its messaging platform to offer services to businesses, which "Text your customers and respond instantly. Consolidate all customer text messages into a single inbox. Use our conversational AI Employee to handle customer responses, day and night, while still sounding like the human you are." (See PODIUM Messaging Platform, available at: https://www.podium.com/product/messaging-platform.)

13.    On or around November 7, 2024, LPC entered into a written Order Form - Renewal agreement ("Agreement") with PODIUM to cover a 12-month

COUNTERCLAIM

period, through November 2025. The Agreement expressly states that PODIUM's Master Terms of Service are incorporated by reference.

14.    The Agreement provided that PODIUM would provide and manage "bulk messages – 80,000 total messages" on behalf of LPC, which included customer messaging spanning across both outbound and inbound SMS text messages, as well as LPC's online web chat and/or messenger features.

15.    The Agreement further included PODIUM's "PRO" features. The "PRO" package included the services of, in relevant part: "Text-Based Surveys, Text Marketing with Images and GIFs, Advanced Customer Segmentation, [and] High-Volume Carrier-Verified Messaging". (See PODIUM Pricing, available at: https://www.podium.com/pricing).

16.    PODIUM's Master Terms of Service, as expressly incorporated into the Agreement, includes an express indemnification clause, whereby PODIUM agrees to, in relevant part, "indemnify and hold Client harmless from and against any third-party claims and related costs, damages, liabilities, and expenses (including reasonable attorney's fees) arising from or pertaining to (a) Podium's gross negligence or willful misconduct." The prevailing party is further entitled to recover attorneys' fees and costs, pursuant to Section 16.14 of PODIUM's Master Terms of Service.

17.    The monthly subscription total for PODIUM's services pursuant to the Agreement was $2,999.00 per month, plus an additional $5.00 per month for industry fees.

18.    On or around July 22, 2025, Plaintiff allegedly requested to "opt out" of the marketing text messages sent by PODIUM, on behalf of LPC.

19.    Pursuant to the Agreement, PODIUM was contractually obligated to manage and ensure compliance with all text message based aspects of LPC's e-commerce business. In fact, the PODIUM "PRO" package expressly provides that

- 5 -
COUNTERCLAIM

Text Marketing with Images and GIFs and High-Volume Carrier-Verified Messaging are included within the scope of PODIUM's contracted services.

20.    On or around September 29, 2025, Plaintiff filed its operative Complaint against LPC alleging that it violated the Telephone Consumer Protection Act of 1991 (TCPA) by failing to remove Plaintiff from its text message marketing campaign in accordance with said statute.

21.    On or around September 30, 2025, LPC notified PODIUM of the Complaint filed by Plaintiff.

22.    In response, on or around October 1, 2025, PODIUM provided its internal logs from July 22, 2025, including the text message correspondence with Plaintiff.

23.    PODIUM was under a contractual duty to comply with the TCPA and to timely remove Plaintiff from any further text message based communication from LPC, pursuant to the terms of the Agreement.

24.    Upon information and belief LPC alleges that PODIUM failed to remove plaintiff from LPC's text messaging marketing campaign.  By allegedly failing to remove Plaintiff from LPC's text messaging marketing campaign, PODIUM breached its contractual obligations as required under the Agreement.

25.    PODIUM owed a legal duty to LPC to provide reliable, competent, and TCP compliant services in connection with its e-commerce business, including the effective management of its text message based marketing campaigns.

26.    PODIUM further owed a legal duty to LPC to provide platform management and marketing services, including text message based marketing, in accordance with the standards and customs reasonably expected of a self-advertised "multi-product platform" provider.

- 6 -

**COUNTERCLAIM**

27.    By allegedly failing to remove Plaintiff from LPC's text message marketing campaign following the alleged "opt-out" request, PODIUM breached its legal duty to LPC, resulting in damages to LPC that were directly and proximately caused by PODIUM's negligent conduct.

28.    By allegedly failing to act in a manner consistent with the reasonable customs and standards of a similarly situated "multi-product platform" provider, PODIUM breached its legal duty to LPC, resulting in damages to LPC that were directly and proximately caused by PODIUM's negligent conduct.

## COUNT I

## BREACH OF CONTRACT

## (Against PODIUM)

29.    LPC repeats, realleges, and incorporates by reference, paragraphs 1 through 28 of this Counterclaim, as if set forth fully herein.

30.    The Agreement by and between LPC and PODIUM is a valid and binding contract and supported by adequate consideration.

31.    LPC has fully satisfied its obligations under the Agreement.

32.    PODIUM had a duty to adhere to the provisions of the Agreement, and to provide the contracted services as expressly set forth therein.

33.    Upon information and belief LPC alleges that PODIUM breached multiple provisions of the Agreement, including:

a.    PODIUM breached its express obligation to provide to LPC the agreed-upon "PRO" package features, which obligated PODIUM to provide full-scale text message based marketing and/or messaging services to LPC customers. These services included the obligation of PODIUM to manage, handle, and/or reply to customer text message requests, including "opt-out" elections to the text message marketing materials.

b.    PODIUM breached its express obligation to effectively utilize its "proprietary multi-product platform" to ensure LPC customers were removed from text message based marketing materials upon "opt-out" election.

34.    LPC suffered, and will continue to suffer, damages as a direct and proximate result of PODIUM's breach of the Agreement.

35.    PODIUM's breach caused, and will continue to cause, damages to LPC in the form of attorneys' fees, and diminished future revenues if LPC is unable to effectively market its goods to consumers at large as a result of PODIUM's conduct and breach of the Agreement.

36.    Accordingly, LPC requests monetary damages in an amount to be determined at trial.

## COUNT II

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

### (Against PODIUM)

37.    LPC repeats, realleges, and incorporates by reference, paragraphs 1 through 36 of this Counterclaim, as if set forth fully herein.

38.    California law recognizes an implied duty of good faith and fair dealing in all contracts.

39.    LPC entrusted its business operations to PODIUM based, in large part, on the advertised "proprietary multi-product platform" services offered by PODIUM.

40.    Upon information and belief LPC alleges that PODIUM breached the trust placed on it.  By failing to perform all contracted functions of its "PRO" package, including the obligation of PODIUM to manage, handle, and/or reply to customer text message requests, including "opt-out" elections to the text message marketing materials, PODIUM failed to act fairly or in good faith with respect to LPC's business and/or business reputation in the online e-commerce community.

- 8 -

41.    By failing to adhere to reasonable standards, customs, and obligations of other similarly situated "multi product platform" companies through its failure to adequately manage and/or maintain customer text message responses, including "opt-out" elections, PODIUM failed to act fairly or in good faith. Rather, PODIUM and Roes 1-10 exposed LPC to liability based on its failure to comply with its basic standard of care as to its contracted obligations toward LPC.

42.    As a result of PODIUM's breach of the implied covenant of good faith and fair dealing, LPC has suffered damages, in amount to be determined at trial.

## COUNT III

## NEGLIGENCE

## (Against PODIUM and ROES 1-10)

43.    LPC repeats, realleges, and incorporates by reference, paragraphs 1 through 42 of this Counterclaim, as if set forth fully herein.

44.    At all times herein, Counter-defendants owed a legal duty to LPC to act in accordance with the customary standards of a "multi product platform" service provided similarly situated.

45.    At all times herein, Counter-defendants owed a legal duty to LPC to act reasonably toward LPC's customers and to provide compliance with any customer request to "opt-out" from the text message based marketing materials being managed and sent by Counter-defendants.

46.    Counter-defendants breached their legal duty to LPC by failing to adhere to the customary standards of a "multi product platform" service provided similarly situated, by allegedly failing to remove Plaintiff from LPC text message based marketing materials, despite the alleged "opt-out" request.

47.    Counter-defendants breached their legal duty to LPC by failing to act reasonably toward LPC's customers and by allegedly failing to comply with

- 9 -

COUNTERCLAIM

Plaintiff's alleged to "opt-out" from the text message-based marketing materials being managed and sent by Counter-defendants.

48.     Counter-defendants had no justifiable basis for failing to provide a reasonable standard of care in its management, execution, or direction of LPC's text message-based marketing, including compliance with customer requests to "opt out" from further messaging by Counter-defendants.

49.     Counter-defendants' failure to comply with Plaintiff's alleged "opt-out" request was grossly negligent, particularly given the reasonable expectations held by LPC in the effective management of the text message-based marketing services by Counter-defendants, including compliance with its legal requirement to adhere to all customer "opt-out" requests.

50.     As a direct and proximate result of Counter-defendants' breach of their legal duties, LPC has, and will continue to, suffer damages in an amount to be determined at trial.

## COUNT IV
## EXPRESS INDEMNITY
## (Against PODIUM)

51.     LPC repeats, realleges, and incorporates by reference, paragraphs 1 through 50 of this Counterclaim, as if set forth fully herein.

52.     PODIUM's Master Terms of Service, as expressly incorporated into the Agreement, includes an express indemnification clause, whereby PODIUM agrees to, in relevant part, "indemnify and hold Client harmless from and against any third-party claims and related costs, damages, liabilities, and expenses (including reasonable attorney's fees) arising from or pertaining to (a) Podium's gross negligence or willful misconduct."

53.     LPC is entitled to express indemnity for PODIUM's grossly negligent conduct.

- 10 -
**COUNTERCLAIM**

54.    PODIUM was grossly negligent in its management, handling, and/or oversight of the contracted text message based marketing services, including PODIUM's unjustifiable and unreasonable failure to comply with customer "opt-out" requests made directly to PODIUM.

55.    LPC is therefore entitled to express indemnity from PODIUM pursuant to the Agreement for any and all claims alleged against LPC as alleged in Plaintiff's operative Complaint, including all related costs, damages, liabilities, expenses, and reasonable attorneys' fees arising from PODIUM's grossly negligent conduct.

## COUNT V
## EQUITABLE INDEMNITY
## (Against PODIUM and ROES 1-20

56.    LPC repeats, realleges, and incorporates by reference, paragraphs 1 through 55 of this Counterclaim, as if set forth fully herein.

57.    Counter-defendants failed to use reasonable care in performing the services defined in the Agreement with LPC.

58.    Counter-defendants failed to use reasonable care in their managing, handling, and/or overseeing the text message based marketing of LPC's business, including complying with customer "opt-out" preferences, as required under the Agreement with LPC.

59.    Counter-defendants' negligent conduct with respect to its failure to adhere to customer "opt-out" preferences related to LPC's text message based marketing materials was a substantial factor in causing harm to LPC.

60.    Counter-defendants' breach of their duties owing to properly perform its contractual duties to LPC have resulted in damages.

**COUNTERCLAIM**

61.    As a result of Counter-defendants' negligent conduct and the resulting harm to LPC, equity requires that Counter-defendants indemnify LPC for the allegations contained within Plaintiff's operative pleading.

## COUNT VI

## VIOLATION OF CA BUSINESS & PROFESSIONS CODE § 17200

## UNFAIR COMPETITION LAW

## (Against PODIUM)

62.    LPC repeats, realleges, and incorporates by reference, paragraphs 1 through 61 of this Counterclaim, as if set forth fully herein.

63.    California's Unfair Competition Law ("UCL") is codified at California Business & Professions Code § 17200, et seq. The UCL allows for actionable claims where a party has engaged in "unfair competition", which is defined under the statute as "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."

64.    Upon information and belief, LPC alleges that PODIUM has engaged in conduct that violates the UCL statute by enacting unfair, deceptive, untrue, or misleading advertising by and through the services purported to be offered on its publicly available website.

65.    Upon information and belief LPC alleges that by advertising on its website to businesses, PODIUM deceptively, falsely, and fraudulently claims that it offers a messaging platform which can "Text your customers and respond instantly. Consolidate all customer text messages into a single inbox. Use our conversational AI Employee to handle customer responses, day and night, while still sounding like the human you are." (See PODIUM Messaging Platform, available at: https://www.podium.com/product/messaging-platform.)

COUNTERCLAIM

66.     Upon information and belief, LPC alleges that PODIUM did not truly offer these services, as PODIUM allegedly failed to adequately or effectively respond to LPC's customer requests to "opt-out" of further marketing materials being texted by and through PODIUM's services.

67.     Upon information and belief, LPC alleges that PODIUM further deceptively and falsely advertised that its "PRO" package of services would include its management, handling, and/or replying to customer text message requests, including "opt-out" elections to the text message marketing materials.

68.     However, despite LPC entering into the Agreement for the services expressly listed in the "PRO" package, upon information and belief, LPC alleges that PODIUM failed to provide such customer text message services, including any management or handling of customer "opt-out" preferences and/or requests.

69.     As a direct and proximate result of PODIUM's deceptive and unfair business practices and false advertising of its services, LPC sustained economic injury in an amount to be determined at trial.

## COUNT VII
## DECLARATORY RELIEF
## (Against PODIUM and ROES 1-20)

70.     LPC repeats, realleges, and incorporates by reference, paragraphs 1 through 69 of this Counterclaim, as if set forth fully herein.

71.     Pursuant to the Declaratory Judgment Act (DJA), codified at 28 U.S.C. § 2201, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration."

72.     LPC did everything that it was required to do under the Agreement.

- 13 -

COUNTERCLAIM

73.     Counter-defendants breached the Agreement by failing to provide the contracted services as expressly stated in the Agreement, including its text message based marketing services.

74.     An actual controversy has arisen in the wake of LPC complying with the terms of the Agreement, and Counter-defendants' failure to provide the contracted services on behalf of LPC, in breach of the Agreement.

75.     Pursuant to its authority under the Declaratory Judgment Act, LPC respectfully requests that the Court enter a judgment declaring, *inter alia*, the following:

a.     That Counter-defendants  breached the Agreement by failing to provide text message based marketing services on behalf of LPC, including the management and/or handling of customer "opt-out" requests to further text message marketing material; and

b.     That Counter-defendants must indemnify and hold harmless LPC from any related costs, damages, liabilities, expenses, and reasonable attorneys' fees arising from Counter-defendants conduct.

76.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure ("FRCP"), LPC demands a trial by jury on all claims and issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE,** having alleged these Counterclaims against Counter-defendants PODIUM CORPORATION, INC., Counterclaimant LPC SURVIVAL, LTD, doing business as USA BERKEY FILTERS, prays that the Court award the following relief:

1.     Enter judgment in favor of Counterclaimant LPC and against Counter-defendants;

**COUNTERCLAIM**

2.      Award damages, including compensatory damages, lost profits, all other appropriate damages, as well as attorneys' fees and costs in an amount to be determined at trial to Counterclaimant LPC;

3.      Declare that Counter-defendants breached the express provisions of the Agreement;

4.      Declare that Counter-defendants must indemnify and hold harmless Defendant/Counterclaimant LPC from all costs, damages, liabilities, expenses, and reasonable attorneys' fees arising from Counter-defendants' conduct;

5.      Award attorneys' fees and costs incurred by counsel for LPC in this action, pursuant to the Agreement; and

6.      Grant any, other, or further relief as the Court may deem just and proper.


Dated:  November 13, 2025

GHASSEMIAN  LAW  GROUP, APC


*S/ Mahyar Ghassemian*

MAHYAR GHASSEMIAN, ESQ.
STEPHEN KITAGAWA, ESQ.
Attorneys for
Defendant/Counterclaim Plaintiff,
LPC SURVIVAL, LTD D/B/A
BERKEY FILTERS

- 15 -

**COUNTERCLAIM**

**PROOF OF SERVICE**

**C.C.P. §1013(a)(3)**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 27405 Puerta Real, Suite 250, Mission Viejo, CA 92691.

On November 13, 2025, I served the foregoing documents described **COUNTERCLAIM** on the interested parties in this action:

| | |
|---|---|
| Gerald D. Lane, Jr., Esq. | Attorneys for Plaintiff, Nathan Gaines |
| THE LAW OFFICES OF JIBRAEL S. HINDI | T: (754) 444-7593 |
| 1515 NE 26th Street | F: |
| Wilton Manors, FL 33305 | Email: gerald@jibraellaw.com |

[X]    **BY MAIL:** I deposited such envelope in the mail at Mission Viejo, California.  The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice collection and processing correspondence for mailing. Under that practice, said correspondence is deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Mission Viejo, California in the ordinary course of business; and there is delivery service by United States mail at the place so addressed. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ghassemian Law Group. I am readily familiar with the firm's practice for collecting and processing of correspondence for overnight delivery, said practice

- 16 -

COUNTERCLAIM

being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery the same day as the correspondence is placed for collection.

[ ]    **BY FACSIMILE TRANSMISSION:** Based on agreement of the parties to accept service by facsimile transmission, I transmitted said documents to the offices of the addressee(s) listed above via facsimile. No error was reported by the facsimile machine that I used.

[X]    **BY ELECTRONIC MAIL [EMAIL]:** I served the foregoing document by electronic mail (email) to the addressee(s) listed above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 13, 2025, at Mission Viejo, California.

By:___*Lindsey Hogan*___

LINDSEY HOGAN

- 17 -

**COUNTERCLAIM**