Oliver M. Gold (Bar No. 279033)
OGold@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, CA 90067-1721
Telephone: 1.310.788.9900
Facsimile: 1.310.788.3399

Hayden M. Schottlaender (*pro hac vice pending*)
HSchottlaender@perkinscoie.com
PERKINS COIE LLP
500 N. Akard Street, Suite 3300
Dallas, Texas 75201
Telephone: 214.965.7724

John Mylan Traylor (*pro hac vice pending*)
MTraylor@perkinscoie.com
PERKINS COIE LLP
110 North Wacker Drive, Suite 3400
Chicago, Illinois 60606-1511
Telephone: 1.312.324.8400
Facsimile: 1.312.324.9400

*Attorneys for Third-Party Defendant Podium Corporation, Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

NATHAN GAINES, individually and on behalf of all others similarly situated,

Plaintiff,

v.

LPC SURVIVAL, LTD D/B/A USA BERKEY FILTERS,

Defendant.

LPC SURVIVAL, LTD D/B/A USA BERKEY FILTERS,

Third-party Plaintiff,

v.

PODIUM CORPORATION, INC,

Third-party Defendant.

Case No. 2:25-CV-09291-JFW

**PODIUM'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

Date: February 23, 2026
Time: 1:30 p.m.
Judge: John F. Walter
Courtroom: 7A

Action Filed: September 29, 2025
Trial Date: February 23, 2027

# TABLE OF CONTENTS

Page

I. INTRODUCTION ... 1

II. BACKGROUND ... 2

III. ARGUMENT ... 4

A. Podium's Terms and Acceptable Use Policy are properly considered throughout this Motion. ... 4

B. This is not the proper venue for a dispute between Podium and Berkey. ... 5

C. The TPC must be dismissed pursuant to Rule (b)(2) because the Court lacks personal jurisdiction over Podium. ... 6

1. Podium is not subject to general jurisdiction in California. ... 6

2. Podium is not subject to specific personal jurisdiction in California. ... 7

D. The Third-Party Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. ... 9

1. Berkey failed to comply with the Terms' mandatory mediation provision. ... 10

2. Berkey's indemnification claims are not ripe and must be dismissed. ... 11

3. Berkey's claims are gutted by the documents it incorporated into its TPC. ... 13

4. Berkey's claims are not adequately alleged because Plaintiff complains about Berkey's failure to train its employees and Podium has nothing to do with Berkey's employees. ... 16

5. The TPC is inadequately pleaded because there has been no adequate allegation of a TCPA violation in this case. ... 17

6. Berkey's claim for declaratory relief should be dismissed because it is not a standalone cause of action. ... 19

IV. CONCLUSION ... 19

# TABLE OF AUTHORITIES

**CASES** **Page**


*Am. Asphalt v. City of Los Angeles*,
No. CV073894, 2008 WL 11343476 (C.D. Cal. Apr. 30, 2008) .................... 13

*Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*,
512 F.3d 800 (6th Cir. 2008) .................... 17

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .................... 9, 10

*Axiom Foods, Inc. v. Acerchem Int'l Inc.*,
874 F.3d 1064 (9th Cir. 2017) .................... 8

*B & O Mfg., Inc. v. Home Depot U.S.A., Inc.*,
No. C 07-02864, 2007 WL 3233376 (N.D. Cal. Nov. 1, 2007) .................... 10

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) .................... 9

*BP W. Coast Prods., LLC v. Crossroad Petroleum, Inc.*,
No. 12CV665, 2013 WL 12377978 (S.D. Cal. Feb. 4, 2013) .................... 11

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985) .................... 9

*Cisco Sys., Inc. v. Dexon Computer, Inc.*,
541 F. Supp. 3d 1009 (N.D. Cal. 2021) .................... 9

*Coto Settlement v. Eisenberg*,
593 F.3d 1031 (9th Cir. 2010) .................... 4

*Daimler AG v. Bauman*,
571 U.S. 117 (2014) .................... 6

*Davis v. Cranfield Aerospace Sols., Ltd.*,
71 F.4th 1154 (9th Cir. 2023) .................... 8

*Davis v. CVS Pharmacy, Inc.*,
No. 4:24-CV-477, 2025 WL 2491195 (N.D. Fla. Aug. 26, 2025) .................. 18

*Docksider, Ltd. v. Sea Tech., Ltd.*,
875 F.2d 762 (9th Cir. 1989)........................................................................ 5

*Epps v. Earth Fare, Inc.*,
740 F. App'x 627 (9th Cir. 2018) (mem. op.) ............................................... 17

*Fenix Partners Grp., LLC v. T&T Glob. Logistics Servs. & Trading Joint Stock Co.*,
723 F. Supp. 3d 796 (N.D. Cal. 2024) ............................................................ 9

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 U.S. 915 (2011) ........................................................................................ 6

*Howard v. Republican Nat'l Cmte.*,
No. 23-3826, 2026 WL 90273 (9th Cir. Jan. 13, 2026) .................................. 18

*Hunt Wesson Foods, Inc. v. Supreme Oil Co.*,
817 F.2d 75 (9th Cir. 1987)............................................................................ 5

*Int'l Shoe Co. v. Washington*,
326 U.S. 310 (1945) ........................................................................................ 7

*J.B. Painting and Waterproofing, Inc. v. RGB Holdings, LLC*,
650 Fed. Appx. 450 (9th Cir. 2016)............................................................... 12

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018)......................................................................... 13

*Knievel v. ESPN*,
393 F.3d 1068 (9th Cir. 2005) ...................................................................... 10

*Loper Bright Enters. v. Raimondo*,
603 U.S. 369 (2024) ....................................................................................... 18

*McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*,
606 U.S. 146 (2025) ....................................................................................... 18

*McLaughlin. Jones v. Blackstone Med. Servs., LLC*, 792 F. Supp. 3d 894 (C.D. Ill. 2025) .......... 18

*Morrill v. Scott Fin. Corp.*, 873 F.3d 1136 (9th Cir. 2017) .......... 7

*Morrison v. Lender Recovery Servs. Inc.*, No. 2:23-CV-07677, 2024 WL 5416971 (C.D. Cal. Nov. 19, 2024) .......... 12

*Mosana v. Prop. & Cas. Ins. Co. of Hartford*, No. 1:22-CV-00785, 2023 WL 8933245 (E.D. Cal. Dec. 27, 2023) .......... 17

*Moser v. Health Ins. Innovations, Inc.*, No. 3:17-CV-1127, 2018 WL 325112 (S.D. Cal. Jan. 5, 2018) .......... 8

*Muhammad v. Conner*, No. 10-CV-1449, 2012 WL 2428937 (N.D. Cal. June 26, 2012) .......... 19

*Mullis v. United States Bankr. Ct.*, 828 F.2d 1385 (9th Cir.1987) .......... 13

*Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133 (9th Cir. 2004) .......... 4

*Nextrade, Inc. v. Hyosung (Am.), Inc.*, 122 F. App'x 892 (9th Cir. 2005) .......... 5

*O'Keeffe's, Inc. v. Tech. Glass Prods.*, No. C 07-03535, 2008 WL 11514940 (N.D. Cal. Feb. 7, 2008) .......... 5

*Ohkubo v. Antara Biosciences, Inc.*, 364 F. App'x 340 (9th Cir. 2010) .......... 6

*Quattrocchi v. Allstate Indemn. Co.*, No. 2:17-cv-01578, 2018 WL 347779 (E.D. Cal. 2018) .......... 15

*Ranza v. Nike, Inc.*, 793 F.3d 1059 (9th Cir. 2015) .......... 4

*Reichman v. Poshmark, Inc.*,
No. 16-cv-2359, 2017 WL 2104273 (S.D. Cal. May 15, 2017) ....................... 16

*Rosenbluth Int'l v. Super. Ct.*,
101 Cal. App. 4th 1073 (2002) ....................... 15

*Salinas Valley Mem'l Healthcare Sys. v. Monterey Peninsula Horticulture, Inc.*,
No. 17-CV-07076, 2019 WL 2569545 (N.D. Cal. June 21, 2019) ........... 10, 11

*Schwarzenegger v. Fred Martin Motor Co.*,
374 F.3d 797 (9th Cir. 2004) ....................... 7

*Shalaby v. Irwin Indus. Toll Co.*,
No. 07CV2107, 2010 WL 5898212 (S.D. Cal. Jan. 22, 2010) ....................... 17

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001) ....................... 13

*Square 1 Bank v. Lo*,
128 F. Supp. 3d 1257 (N.D. Cal. 2015) ....................... 7

*Sunridge Dev. Corp. v. RB&G Eng'g, Inc.*,
230 P.3d 1000 (Utah 2010) ....................... 15

*United Specialty Ins. Co. v. Clean & Sober Media LLC*,
No. 2:20-CV-02765, 2021 WL 1593240 (C.D. Cal. Feb. 19, 2021) ................ 10

*Vallier v. Jet Propulsion Lab'y*,
120 F. Supp. 2d 887 (C.D. Cal. 2000), *aff'd*, 23 F. App'x 803 (9th Cir. 2001) ....................... 12

*Wausau Underwriters Ins. Co. v. Cont'l Cas. Co.*,
No. CV-07-0056, 2008 WL 793618 (E.D. Wash. Mar. 24, 2008) ................... 12

*Young Living Essential Oils, LC v. Marin*,
266 P.3d 814 (Utah 2011) ....................... 15

**STATUTES**

47 U.S.C. § 227(c) ....................... 2, 17

47 U.S.C. § 227(d) .......... 18

California Business & Professions Code § 17200 .......... 4

Utah Code § 78B-10-101 *et seq.* .......... 10

**REGULATIONS**

47 C.F.R. § 64.1200(d) .......... 2, 3, 15, 16

## MEMORANDUM OF POINTS AND AUTHORITIES

Podium Corporation, Inc. ("Podium") hereby files this Motion to Dismiss the Third-Party Complaint ("TPC") filed against it by LPC Survival, Ltd. ("Berkey"), pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6).

## I. INTRODUCTION

Berkey sells water filters. It markets those filters in part by designing and distributing text marketing campaigns through a communications platform offered by Podium. After being served with a lawsuit under the Telephone Consumer Protection Act (TCPA), Berkey has decided to sue Podium for breach of a contract that Berkey appears to have never read. Specifically, Berkey's TPC repeatedly alleges that Podium breached Podium's own Terms of Service (the "Terms"), but those very Terms reveal that the TPC suffers from a laundry list of fatal deficiencies necessitating dismissal.

*First*, this venue is improper. Podium's Terms include an enforceable forum selection clause requiring Berkey's claims be litigated in Utah, not California.

*Second*, the TPC must be dismissed pursuant to Rule 12(b)(2) because the Court lacks personal jurisdiction over Podium, which does not have the minimum contacts with California necessary to confer jurisdiction on this Court.

*Third*, the TPC must be dismissed because Berkey failed to mediate this dispute pursuant to the Terms, which makes mediation a condition precedent to filing a lawsuit.

*Fourth*, the TPC prematurely seeks indemnification from Podium for Plaintiff's lawsuit, when there has been no payment, judgment, or settlement.

The indemnification claims must be dismissed because they are not ripe. Indeed, given that Berkey has not yet suffered any injury, it likely does not have standing to maintain this suit at all.

*Fifth*, and perhaps most concerning of all, the Terms literally say the *opposite* of what Berkey has alleged in the TPC. Those Terms make clear in several places that it is the customer's (here: Berkey's) obligation to ensure continued compliance with the TCPA and to honor opt-out requests. And Berkey *knows* this problem because despite the TPC's repeated reliance on the Terms, it does not quote a single portion of those Terms that would obligate Podium to undertake the obligations it alleges, and instead quotes only an inapposite "gross negligence" indemnity provision. The Terms are clear on this fundamental point and mandate dismissal.

*Finally*, the claims in the TPC necessarily hinge on Plaintiff's underlying TCPA claim. But neither the Plaintiff nor Berkey have adequately alleged that there was any TCPA violation here because: the "stop" allegation is inadequately pleaded; the TCPA does not supply a private right of action for inadequate training where there is no alleged use of an autodialer or a prerecorded voice; and the TCPA does not apply to text messages.

## II. BACKGROUND

Plaintiff Nathan Gaines filed a Class Action Complaint ("Complaint") against Berkey on September 29, 2025 alleging a single count: violation of Section (c) of the Telephone Consumer Protection Act (47 U.S.C. § 227(c)) and the implementing regulations (47 C.F.R. § 64.1200(d)). The Complaint alleges that on or about July 22, 2025, Plaintiff requested to opt out of Berkey's marketing texts by replying with a stop instruction, but that Berkey continued to send solicitation text messages including on August 21, 2025 and September 4, 2025. Compl. ¶¶ 12, 13. Plaintiff alleges that Berkey

violated 47 C.F.R. § 64.1200(d) by failing to maintain requisite policies and procedures under the TCPA and for failing to train its personnel engaged in telemarketing. *Id.* ¶ 52.

On November 13, 2025, Berkey filed the TPC against Podium. Dkt. 15.[1] Despite the fact that Podium is merely a platform that customers use to run their own marketing campaigns, Berkey alleges that it engaged Podium "to provide various marketing and/or communication functions on behalf of LPC [Berkey]." TPC ¶ 12. The TPC alleges that "[o]n or around November 7, 2024, LPC [Berkey] entered into a written Order Form - Renewal agreement ('Agreement') with PODIUM to cover a 12-month period, through November 2025. The Agreement expressly states that PODIUM's Master Terms of Service are incorporated by reference." *Id.* ¶ 13. Those Terms are attached hereto as Exhibit A-1. Those Terms also expressly include the Podium Acceptable Use Policy, attached hereto as Exhibit A-2. *See* Ex. A-1 ("Any person that is a client [or] customer… who accesses and/or uses the Services, including via Client's account or website, is subject to the Acceptable Use Policy").

Without reference to any contractual term, the TPC nakedly alleges that "PODIUM was contractually obligated to manage and ensure compliance with all text message based aspects of [Berkey's] commerce business." TPC ¶ 19. The TPC also alleges without any contractual reference that "PODIUM was under a contractual duty to comply with the TCPA and to timely remove Plaintiff from any further text message based communication from Berkey[.]" *Id.* ¶ 23. The TPC alleges that by failing to remove Plaintiff from Berkey's text

[1] Berkey labeled its filing against Podium as a "counterclaim." However, Berkey's pleading is more accurately labeled as a third-party complaint under Fed. R. Civ. P. 14, as Podium was not a party to the original lawsuit. *See* Fed. R. Civ. P. 14(a)(1)–(2).

message marketing campaign following the alleged "opt-out" request and failing to act in a manner consistent with the reasonable customs and standards of a similarly situated "multi-product platform" provider, Podium breached its legal duty to Berkey. *Id*. ¶¶ 27-28.

Based on these allegations, the TPC alleges seven counts against Podium: (Count I) Breach of Contract; (Count II) Breach of the Duty of Good Faith and Fair Dealing; (Count III) Negligence; (Count IV) Express Indemnity; (Count V) Equitable Indemnity; (Count VI) violation of California Business & Professions Code § 17200 Unfair Competition Law; and (Count VII) Declaratory Relief.

## III. ARGUMENT

### A. Podium's Terms and Acceptable Use Policy are properly considered throughout this Motion.

The Court may properly consider Podium's Terms and Acceptable Use Policy in adjudicating this Motion to Dismiss. Podium moves to dismiss the TPC pursuant to Rules 12(b)(2), 12(b)(3), and 12(b)(6). It is well established that a court may consider extrinsic evidence on 12(b)(2) and (12)(b)(3) motions to dismiss. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004); *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015).

When adjudicating a 12(b)(6) motion to dismiss, the Court may consider "materials incorporated into the complaint… where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). The Terms are expressly referenced in the TPC. TPC ¶ 13. There is no dispute that the Terms and the Acceptable Use Policy incorporated there in are relevant because Berkey's

claims, including the breach of contract and indemnity claims, necessarily require the Court to interpret those agreements. And, both the Terms and Acceptable Use Policy are publicly available and their authenticity is not in question.[2] As such, the Court should consider Podium's Terms and Acceptable Use Policy in adjudicating all portions of this Motion.

### B. This is not the proper venue for a dispute between Podium and Berkey.

The TPC should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue because Podium's Terms provide that "[t]he exclusive jurisdiction and venue for actions related to the subject matter of this Agreement will be the state courts located in Salt Lake County or Utah County, Utah or the United States District Court for the District of Utah, and both parties submit to the personal jurisdiction of these courts." Ex. A-1 § 16.17 (emphasis added); *O'Keeffe's, Inc. v. Tech. Glass Prods.*, No. C 07-03535, 2008 WL 11514940, at *4 (N.D. Cal. Feb. 7, 2008) (dismissing a third-party complaint where the parties' agreement included a mandatory forum selection clause). "[W]here venue is specified with mandatory language the clause will be enforced." *Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989); *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987). "[T]he Ninth Circuit … upholds the forum selection clause where the claims alleged in the complaint relate to the interpretation of the contract." *Nextrade, Inc. v. Hyosung (Am.), Inc.*, 122 F. App'x 892, 894 (9th Cir. 2005) (cleaned up).

---

[2] *See* Podium Terms of Service, https://legal.podium.com/(last visited Jan. 26, 2026); Podium Acceptable Use Policy, https://legal.podium.com/#aup-us (last visited Jan. 26, 2026).

Here, the TPC admits that Berkey agreed to Podium's Terms, which include an exclusive forum selection clause. And, there is no doubt that the TPC arises out of the contract. *See* TPC ¶ 1 (alleging that the TPC is "based on PODIUM's breach of its contractual duties to provide and perform certain of its advertised proprietary multi-product platform services[.]").

The Court's analysis can end here, and the TPC should be dismissed on this basis alone. *Ohkubo v. Antara Biosciences, Inc.*, 364 F. App'x 340, 342 (9th Cir. 2010) (affirming dismissal of the complaint for improper venue where the parties' agreement stated Tokyo District Court was the exclusive jurisdiction and venue for actions related to the agreement).

### C. The TPC must be dismissed pursuant to Rule (b)(2) because the Court lacks personal jurisdiction over Podium.

The TPC should also be dismissed for lack of personal jurisdiction over Podium. Two types of personal jurisdiction over nonresident defendants can exist: general and specific. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). The TPC must be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) because the Court possesses neither general nor specific personal jurisdiction over Podium.

#### 1. Podium is not subject to general personal jurisdiction in California.

General personal jurisdiction exists only where a defendant has contacts with the forum that are so "continuous and systematic" as to render the defendant "essentially at home in the forum state." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). "With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Id.* at 137. Podium is a corporation incorporated in Delaware and headquartered in Utah, and therefore is not at home in California as

required to establish general personal jurisdiction. *See* Ex. A, Declaration of Liam Golightley ("Golightley Decl.") ¶ 2; *Daimler AG*, 571 U.S. at 133 n.19 (recognizing that it would be "an exceptional case" where a corporation could be deemed "essentially at home" in a state where it is not incorporated or based).

**2. Podium is not subject to specific personal jurisdiction in California.**

Specific personal jurisdiction requires a nonresident defendant to have sufficient minimum contacts with the forum such that the exercise of personal jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The Ninth Circuit employs a three-prong test for determining specific jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017); *Square 1 Bank v. Lo*, 128 F. Supp. 3d 1257, 1262 (N.D. Cal. 2015). "The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Morrill,* 873 F.3d at 1142. "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a

compelling case' that the exercise of jurisdiction would not be reasonable." *Id*.

Under the first prong, the Ninth Circuit typically applies a "purposeful availment" test for claims "sounding in contract." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802-3 (9th Cir. 2004). The plaintiff must demonstrate that the defendant: "(1) committed an intentional act, (2) expressly aimed at the forum [], (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Axiom Foods, Inc. v. Acerchem Int'l Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017).

Berkey cannot identify any intentional act by Podium expressly aimed at California that "caused harm" here. The act of delivering a text message to a California resident cannot support a finding of specific personal jurisdiction here because there is no allegation that Podium initiated or directed that text message; it merely provides a communications platform for its customers (here: Berkey) to use. Golightley Decl. ¶ 3; *Davis v. Cranfield Aerospace Sols., Ltd.*, 71 F.4th 1154, 1163 (9th Cir. 2023) ("The unilateral activity of another party does not meet [the purposeful availment] standard.").[3] And even were it otherwise, Podium would not have knowingly directed an activity at California because Podium had no way to know that Plaintiff is a California resident, given that the Plaintiff's telephone number associated with its claims (615-293-5262) does not have a California area code. *See generally*, *Moser v. Health Ins. Innovations, Inc.*, No. 3:17-CV-1127, 2018 WL 325112, at *4 (S.D. Cal. Jan. 5, 2018) (holding that "calling a phone number *with a forum*

---

[3] Entering into a contract with Berkey likewise does not give rise to specific personal jurisdiction in California. Most obviously because Berkey is not a California company. TPC ¶ 8 ("LPC is a registered Nevada corporation, with its principal place of business in the State of Nevada."). But also because that contract states that it is governed by the laws of Utah.

*state area code*" may be sufficient to find purposeful availment); *see also* Golightley Decl. ¶ 5.

Even if Berkey could establish that Podium purposely directed its activities at California (it cannot), it would remain fundamentally unfair and unreasonable to exercise jurisdiction over Podium.[4] Podium does not have offices or employees with relevant knowledge or information in California. Golightley Decl. ¶ 6. And California has little-to-no interest in adjudicating this dispute because neither party is at home in California and the Terms expressly state they are governed by Utah law. Ex. A-1 § 16.17; *see Fenix Partners Grp., LLC v. T&T Glob. Logistics Servs. & Trading Joint Stock Co.*, 723 F. Supp. 3d 796, 804 (N.D. Cal. 2024) (noting that California has an "extremely limited interest in adjudicating a dispute governed by" a foreign jurisdiction's laws).

Due process does not permit this Court's exercise of jurisdiction over a non-resident defendant with severely attenuated connections to the forum State, where, as here, the parties agreed to litigate elsewhere. This Court should dismiss the TPC for lack of personal jurisdiction over Podium.

### D. The Third-Party Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

The TPC also fails to satisfy the Rule 12(b)(6) standard. To survive a motion to dismiss for failure to state a claim upon which relief can be granted

---

[4] In determining reasonableness, courts "may evaluate the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." *Cisco Sys., Inc. v. Dexon Computer, Inc.*, 541 F. Supp. 3d 1009, 1016 (N.D. Cal. 2021) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

under Rule 12 (b)(6) of the Federal Rules of Civil Procedure, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court must take all factual allegations as true and view the complaint in the light most favorable to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). The factual allegations need not be detailed, but a plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

**1. Berkey failed to comply with the Terms' mandatory mediation provision.**

"Failure to mediate a dispute pursuant to a contract that makes mediation a condition precedent to filing a lawsuit warrants dismissal under Rule 12(b)(6)." *United Specialty Ins. Co. v. Clean & Sober Media LLC*, No. 2:20-CV-02765, 2021 WL 1593240, at *4 (C.D. Cal. Feb. 19, 2021); *B & O Mfg., Inc. v. Home Depot U.S.A., Inc.*, No. C 07-02864, 2007 WL 3233376, at *8 (N.D. Cal. Nov. 1, 2007) ("[a] claim that is filed before a mediation requirement, that is a condition precedent to the parties' right to sue as set forth in an agreement, is satisfied shall be dismissed."). There is no exception for third-party complaints. *Salinas Valley Mem'l Healthcare Sys. v. Monterey Peninsula Horticulture, Inc.*, No. 17-CV-07076, 2019 WL 2569545, at *5 (N.D. Cal. June 21, 2019) (dismissing a third-party complaint for failing to allege that the parties mediated prior to the third-party complaint being filed, as required by the parties' agreement).

Here, Section 15 of the Terms mandates that for all disputes "related to this Agreement or the Services provided therefrom… [t]he parties agree to participate in mediation to settle their Claims in accordance with the rules

and procedures found in Utah Code § 78B-10-101 *et seq.* … and this Agreement before a party can file a judicial action, whether in a court of law, an administrative body, government agency, or otherwise." (emphasis added). Ex. A-1 §§ 15, 15.1; *id.* § 15.2. ("[i]f the parties are unable to resolve the Claim pursuant to the mandatory mediation referenced above … the parties may subsequently file a judicial action."). Section 15.1.1 requires that the parties send a written notice of mediation, including a detailed description of the nature of the claims and the requested relief sought, and for the parties to conduct the mediation within 60 days of the other party's receipt of the notice. *Id.* § 15.1.1. Berkey did not send the written notice or make any other effort to mediate its claims before filing the TPC. And the TPC acknowledges that Berkey's claims undoubtedly relate to the Terms and services provided therefrom. *See* TPC ¶ 19 ("PODIUM was contractually obligated to manage and ensure compliance with all text message based aspects of Berkey's commerce business. In fact, the PODIUM 'PRO' package expressly provides that Text Marketing with Images and GIFs and High-Volume Carrier-Verified Messaging are included within the scope of PODIUM' s contracted services."); *id.* at 15 (seeking a judgment that Podium "breached the express provisions of the Agreement"). The TPC should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for the independent reason that Berkey failed to comply with the mandatory mediation provision of the parties' agreement. *Salinas Valley Mem'l Healthcare Sys.* 2019 WL 2569545, at *5 (so holding).

**2. Berkey's indemnification claims are not ripe and must be dismissed.**

Berkey's claims for express and equitable indemnity must be dismissed as premature under Rule 12(b)(6). *BP W. Coast Prods., LLC v. Crossroad*

*Petroleum, Inc.*, No. 12CV665, 2013 WL 12377978, at *5 (S.D. Cal. Feb. 4, 2013) (granting a Rule 12(b)(6) motion because "an indemnity cause of action does not accrue under the contract until [the plaintiff] has actually paid the sums for which it seeks to be indemnified."). Courts consistently hold express and equitable indemnification claims are premature when brought before there has been an actual monetary loss through payment of a judgment or settlement. *Morrison v. Lender Recovery Servs. Inc.*, No. 2:23-CV-07677, 2024 WL 5416971, at *2 (C.D. Cal. Nov. 19, 2024); *Vallier v. Jet Propulsion Lab'y*, 120 F. Supp. 2d 887, 916 (C.D. Cal. 2000), *aff'd,* 23 F. App'x 803 (9th Cir. 2001) ("[a]t the present stage in this litigation, however, there has been no finding that [defendant] is liable to plaintiffs. [Defendant's] claim for contractual indemnity is therefore premature and not ripe for adjudication."); *J.B. Painting and Waterproofing, Inc. v. RGB Holdings, LLC*, 650 Fed. Appx. 450, 454 (9th Cir. 2016) ("the cause of action for equitable indemnity accrues when the indemnitee suffers a loss through payment of an adverse judgment or settlement") (cleaned up).

Here, the TPC alleges express and equitable indemnity claims against Podium "for any and all claims alleged against LPC as alleged in Plaintiff's operative Complaint[.]" TPC ¶¶ 55, 60. The TPC fails to allege that Berkey has incurred a loss through payment of an adverse judgment or settlement. Nor could it, because the Court has not adjudicated Plaintiff's Complaint against Podium and there has been no determination of liability, much less a payment made for any such determination. Thus, the Court must dismiss Berkey's indemnification claims as premature pursuant to Rule 12(b)(6).

Similarly, the only conceivable injury Berkey alleges is contingent on the Court finding that Berkey violated the TCPA and awarding damages to Plaintiff. But Berkey has not been injured yet, and it is unlikely that it will

ever be injured because Plaintiff's underlying TCPA claim fails as a matter of law (*infra*, Part III., D., 5). Because Berkey fails to allege a concrete, particularized injury, which is actual or imminent, it lacks Article III standing to bring its claims. *Wausau Underwriters Ins. Co. v. Cont'l Cas. Co.*, No. CV-07-0056, 2008 WL 793618, at *3 (E.D. Wash. Mar. 24, 2008) (dismissing a third-party complaint as not ripe because the only alleged injury was damages contingent on a finding of liability in the underlying lawsuit, which was "still undecided."); *Am. Asphalt v. City of Los Angeles*, No. CV073894, 2008 WL 11343476, at *2 (C.D. Cal. Apr. 30, 2008) (dismissing a third party complaint as premature where there had been no finding of liability in the underlying lawsuit). As such, pursuant to Rule 12(b)(6), the Court should dismiss all of Berkey's claims as premature and not yet ripe.

**3. Berkey's claims are gutted by the documents it incorporated into its TPC.**

In deciding whether to dismiss for failure to state a claim under Rule 12(b)(6), a court need not accept as true allegations that contradict matters properly subject to judicial notice or incorporated by reference into the pleadings. *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001) (citing *Mullis v. United States Bankr. Ct.,* 828 F.2d 1385, 1388 (9th Cir.1987)). The very purpose of the incorporation by reference doctrine is to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

Here, Berkey's allegations that Podium breached its contractual obligations to Berkey by failing to comply with Plaintiff's opt-out requests,

*see* TPC ¶ 27,[5] are directly contradicted by the Terms. The Terms make clear that it is Berkey's responsibility to obtain all required consents and honor opt-out requests, not Podium's. Specifically, the Terms state:

> 5.2. <u>Customer Consent; Intended Use of the Services.</u> … Client will for the duration of the Subscription Term: (a) provide all required disclosures to Customers and obtain all required consents and/or authorizations from Customers, based on applicable Laws, prior to utilizing the Services; (b) obtain all necessary rights, releases, and consents to allow Client Data to be collected, used, and disclosed in the manner contemplated by this Agreement and to grant Podium the rights herein; and (c) use the Services to make or send communication only in compliance with all Laws, the terms of this Agreement (including the Acceptable Use Policy) and industry-specific best practices, including but not limited to Do Not Call rules and prohibitions. … Client agrees and acknowledges that Client is solely responsible for its compliance with applicable Laws and the Acceptable Use Policy and must not rely on the Services for any such compliance. Use of the Services does not guarantee compliance with Laws or the Acceptable Use Policy, and Podium expressly disclaims any liability for Client's non-compliance.

Ex. A-1 § 5.2. Moreover, the Acceptable Use Policy provides:

> "[i]ndividuals must have the ability to revoke consent at any time by replying with a standard opt-out keyword. When an individual opts out, you may deliver one final message to confirm that the opt-out has been processed, but any subsequent messages are not allowed. An individual must once again provide consent before you can send any additional messages."

Ex. A-2, Podium Acceptable Use Policy, https://legal.podium.com/#aup-us (last visited Jan. 16, 2026).

Tellingly, Berkey cannot cite to a single provision in the Terms or

---

[5] TPC ¶ 27 ("By allegedly failing to remove Plaintiff from [Berkey's] text message marketing campaign following the alleged 'opt-out' request, PODIUM breached its legal duty to [Berkey,] resulting in damages to [Berkey] that were directly and proximately caused by PODIUM's negligent conduct.").

Acceptable Use Policy that Podium failed to comply with. Instead, the TPC relies on vague allegations that Podium would "provide and manage" services and that text messages are "included within the scope of PODIUM's contracted services." TPC ¶¶ 14, 19. But these vague references to the scope of the services Podium provides are irrelevant and cannot override the clear contractual language that Berkey—not Podium—is responsible for obtaining and maintaining all required consents, honoring opt-out requests, and complying with all other applicable laws.

That is fatal to Berkey's claims, *all* of which all rely on the fundamental theory that Podium breached some contractual or quasi-contractual duty to manage TCPA compliance for Berkey. *See* Compl. ¶¶ 33-35, 40-41, 44-49, 55, 60, 68, 73 (basing each claim on a violation of the Terms). And the existence of contractual terms on precisely the question in dispute between Podium and Berkey dooms Berkey's non-contract claims for: (1) negligence under the economic loss doctrine;[6] (2) "good faith and fair dealing";[7] and (3) violations of California's UCL.[8]

---

[6] *Sunridge Dev. Corp. v. RB&G Eng'g, Inc.*, 230 P.3d 1000, 1006 (Utah 2010) ("The economic loss rule…bars recovery of economic losses in negligence actions unless the plaintiff can show physical damage….[T]he economic loss rule prevents parties who have contracted with each other from recovering beyond the bargained-for risks.").

[7] *Young Living Essential Oils, LC v. Marin*, 266 P.3d 814, 817 (Utah 2011) (courts cannot recognize a covenant of good faith and fair dealing "if it would create obligations inconsistent with express contractual terms.") (cleaned up).

[8] *Rosenbluth Int'l v. Super. Ct.*, 101 Cal. App. 4th 1073, 1077 (2002) ("a UCL action based on a contract is not appropriate where the public in general is not harmed by the defendant's alleged unlawful practices"); *Quattrocchi v. Allstate Indemn. Co.*, No. 2:17-cv-01578, 2018 WL 347779, at *2 (E.D. Cal. 2018) ("Courts have dismissed UCL claims where the defendant has followed the express language of … contracts").

**4. Berkey's claims are not adequately alleged because Plaintiff complains about Berkey's failure to train its employees and Podium has nothing to do with Berkey's employees.**

Contrary to Berkey's suggestion, Plaintiff's underlying claim against it in this case is not that it violated the TCPA for failing to opt out a single consumer. Instead, Plaintiff alleges that Berkey "failed to implement the requisite procedures and personnel training" articulated by the FCC's interpreting regulation, 47 C.F.R. § 64.1200(d). Compl. ¶ 42. That interpreting regulation makes clear that the training obligation is on the entity that "initiate[s]" a telemarketing call, which is the entity controlling the content and recipient of the message. *Reichman v. Poshmark, Inc.*, No. 16-cv-2359, 2017 WL 2104273, at *3 (S.D. Cal. May 15, 2017). That would be Berkey; Berkey is the only entity in this case capable of violating 47 C.F.R. § 64.1200(d) here. *See* TPC ¶¶ 12-13 (conceding that Berkey "manage[s] its online business operations," with Podium merely providing "communication functions on behalf of [Berkey].").

Through the TPC, Berkey then attempts to transform a case about its own failure to train its own employees into a contract or quasi-contract claim against Podium. But Podium has nothing to do with Berkey's employees and Berkey has never alleged otherwise. Berkey's various allegations that Podium "failed to adequately or effectively respond to LPC's customer requests to 'opt-out,'" (TPC ¶ 66) are therefore inadequate to maintain a claim against Podium for two reasons. First, because those allegations are entirely devoid of factual allegations in support. Those allegations are supported *only* by Berkey's reference to the underlying Complaint in this case. TPC ¶¶ 18-23. And, as explained above, this Complaint arises out of Berkey's training

processes, not Podium's failure to exclude a single consumer.[9] Second, Berkey's alleged "damages" in this case refer solely to the existence of the underlying Complaint against Berkey, and an inadequate training claim could have been brought whether or not Podium absorbed the burden of excluding Plaintiff from Berkey's text marketing campaign.

**5. The TPC is inadequately pleaded because there has been no adequate allegation of a TCPA violation in this case.**

Finally, as previously described, Berkey's entire case against Podium arises out of its allegation that Podium failed to exclude Plaintiff from its text marketing campaign, subjecting Berkey to a TCPA claim. TPC ¶ 23 ("PODIUM was under a contractual duty to comply with the TCPA and to timely remove Plaintiff from any further text message based communication from Berkey, pursuant to the terms of the Agreement."). But, for three reasons, Berkey has failed to adequately allege any TCPA violation even occurred here. *Mosana v. Prop. & Cas. Ins. Co. of Hartford*, No. 1:22-CV-00785, 2023 WL 8933245, at *8 (E.D. Cal. Dec. 27, 2023) (dismissing a third-party complaint as "the dismissal of Plaintiff's complaint resolves the disputes in the third-party complaint"); *Shalaby v. Irwin Indus. Toll Co.*, No. 07CV2107, 2010 WL 5898212, at *4 (S.D. Cal. Jan. 22, 2010) (citing *Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008)) ("Accordingly, it is rare that a court renders judgment in favor of the defendant or dismisses the underlying action but nonetheless chooses to address a third-party claim").

First, neither Plaintiff nor Berkey has alleged sufficient facts to suggest that Plaintiff even made a legally cognizable "stop" request under the TCPA. The specific words that the Plaintiff used to request exclusion from text

[9] And again, that wasn't Podium's failure. Managing opt-outs plainly falls on customers under Podium's terms. *Supra* Part III., D., 3.

marketing matters under the TCPA. *Epps v. Earth Fare, Inc.*, 740 F. App'x 627, 628 (9th Cir. 2018) (mem. op.) (affirming district court holding that plaintiff failed to adequately allege that she made reasonable revocation requests as required by the TCPA). And nobody has alleged what Plaintiff said to whom in this case.

Second, the TCPA supplies a private right of action through 47 U.S.C. § 227(c)(5) to "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection." (emphasis added). And Congress gave the FCC rulemaking authority with respect to autodialers (47 U.S.C. § 227(d)(1)(A)) and prerecorded voice messages (*id.* § 227(d)(3)). But Congress has never authorized the FCC to promulgate regulations about training requirements wholly disconnected from autodialers or prerecorded voice messages. Consequently, the Court should not recognize any actionable TCPA violation under these facts. *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412 (2024) ("Chevron is overruled. Courts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority, as the APA requires."); *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146, 168 (2025) ("The District Court is not bound by the FCC's interpretation of the TCPA.").

Finally, there is no underlying TCPA violation here that could be transmuted into Podium's problem because the TCPA does not apply to text messages in the wake of *McLaughlin*. *Jones v. Blackstone Med. Servs., LLC*, 792 F. Supp. 3d 894, 901 (C.D. Ill. 2025) (dismissing TCPA complaint and finding that contrary to the FCC's guidance, text messages do not qualify as a "telephone call" and therefore cannot be the basis of a TCPA violation); *Davis v. CVS Pharmacy, Inc.*, No. 4:24-CV-477, 2025 WL 2491195 (N.D. Fla. Aug. 26,

2025) (finding that text message was not "telephone call" under the TCPA). Podium acknowledges that the Ninth Circuit recently rejected this argument in *Howard v. Republican Nat'l Cmte.*, No. 23-3826, 2026 WL 90273, at *4 (9th Cir. Jan. 13, 2026). But: (1) with respect, *Howard* got this wrong because as a matter of strict textual interpretation, a "text" is not a "call;" and (2) Podium must preserve this argument to be asserted in Utah, where the parties have contractually agreed to resolve this dispute, and where a court would have personal jurisdiction over Podium.

**6. Berkey's claim for declaratory relief should be dismissed because it is not a standalone cause of action.**

Berkey's independent claim for declaratory relief should be dismissed because it is "merely a form of relief" and "not … an independent theory for recovery[.]" *Muhammad v. Conner*, No. 10-CV-1449, 2012 WL 2428937, at *3 (N.D. Cal. June 26, 2012).

## IV. CONCLUSION

For the foregoing reasons, this Court should grant Podium's Motion to Dismiss in its entirety and dismiss each of the claims in the Third-Party Complaint.

Dated: January 26, 2026

**PERKINS COIE LLP**

By: /s/ *Oliver M. Gold*

Oliver M. Gold (Bar No. 279033)
OGold@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, CA 90067-1721
Telephone: 1.310.788.9900
Facsimile: 1.310.788.3399

Hayden M. Schottlaender (*pro hac vice pending*)
HSchottlaender@perkinscoie.com
PERKINS COIE LLP

500 N. Akard Street, Suite 3300
Dallas, Texas 75201
Telephone: 214.965.7724

John Mylan Traylor (*pro hac vice pending*)
MTraylor@perkinscoie.com
PERKINS COIE LLP
110 North Wacker Drive, Suite 3400
Chicago, Illinois 60606-1511
Telephone: 1.312.324.8400
Facsimile: 1.312.324.9400

*Attorneys for Third-Party Defendant Podium Corporation, Inc.*

**L.R. 11-6.2. Certificate of Compliance**

The undersigned, counsel of record for Third-Party Defendant certifies that this brief contains 5,544 words, which complies with the word limit of L.R. 11-6.1.

Dated: January 26, 2026

**PERKINS COIE LLP**

By: */s/ Oliver M. Gold*
Oliver M. Gold

Attorneys for Third-Party Defendant Podium Corporation, Inc.