**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No.   **CV 25-9291-JFW(Ex)**                                    Date:  June 16, 2026

Title:        Nathan Gaines -*v*- LPC Survival, LTD

**PRESENT:**

      **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   **ORDER GRANTING THIRD PARTY DEFENDANT PODIUM CORPORATION, INC.'S MOTION TO DISMISS THIRD PARTY COMPLAINT [filed 3/17/26; Docket No. 49]; and**

**ORDER DENYING AS MOOT THIRD PARTY DEFENDANT PODIUM CORPORATION, INC.'S MOTION TO STAY DISCOVERY AS TO PODIUM [filed 3/16/26; Docket No. 46]**

On March 17, 2026, Third Party Defendant Podium Corporation, Inc. ("Podium") filed a Motion to Dismiss Third Party Complaint ("Motion to Dismiss").  On April 6, 2026, Plaintiff Nathan Gaines ("Plaintiff") filed his Opposition.  On April 6, 2026, Defendant and Third Party Plaintiff LPC Survival, Ltd., d/b/a Berkey Filters ("Berkey") filed its Opposition.  On April 13, 2026, Podium filed a Reply.  On March 16, 2026, Podium filed a Motion to Stay Discovery as to Podium ("Motion to Stay").  On March 23, 2026, Plaintiff filed his Opposition.  On April 2, 2026, Berkey filed its Opposition.  On April 13, 2026, Podium filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matters appropriate for submission on the papers without oral argument.  The matters were, therefore, removed from the Court's hearing calendar and the parties were given advance notice.  After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

Initials of Deputy Clerk  _sr_

## I.    Factual and Procedural Background

On September 29, 2025, Plaintiff filed a Class Action Complaint ("Complaint") against Berkey[1], alleging a single claim for violation of Section (c) of the Telephone Consumer Protection Act
(TCPA), 47 U.S.C.  227(c), and its implementing regulation, 47 C.F.R.  64.1200(d).  Plaintiff alleges that on approximately July 22, 2025, he opted out of Berkey's marketing text messages by replying with a "stop" instruction.  Despite opting out, Plaintiff alleges that Berkey continued to send marketing text messages to him, including on August 21, 2025, and September 4, 2025.  On November 13, 2025, Berkey filed its Answer to the Complaint.

On November 13, 2025, Berkey filed its Third-Party Complaint (TPC) against Podium[2], alleging claims for: (1) breach of contract; (2) breach of the duty of good faith and fair dealing; (3) negligence; (4) express indemnity; (5) equitable indemnity; (6) violation of California's Unfair Competition Law ("UCL"), Business & Professions Code § 17200; and (7) declaratory relief. Berkey alleges that it engaged Podium "to provide various marketing and/or communication functions on behalf of [Berkey]."  TPC, ¶ 12.  Berkey also alleges that "[o]n or around November 7, 2024, [Berkey] entered into a written Order Form - Renewal agreement (Agreement) with PODIUM to cover a 12-month period, through November 2025."[3]  TPC, ¶ 13.  In addition, Berkey specifically cites to Podium's Terms of Service (the "Terms") and acknowledges that the Agreement expressly states that Podium's Terms are incorporated by reference.[4]  *Id.*

## II.    Legal Standard

### A.    Rule 12(b)(2)

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, the Court may decide a question of personal jurisdiction on the basis of affidavits and documentary evidence submitted by the parties, or may hold an evidentiary hearing on the matter.  *See* 5A Wright & Miller, Federal Practice and Procedure, § 1351, at pp. 253-59 and n. 31-35 (2d ed. 1990); *Rose v. Granite City Police Dept.*, 813 F. Supp. 319, 321 (E.D. Pa. 1993).  Whichever procedure is used, plaintiff bears the burden of establishing that jurisdiction is proper.  *See Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995); *Flynt Distributing Co. v. Harvey*, 734 F.2d 1389, 1392 (9th Cir. 1984).  In

---

[1]  Berkey, a Nevada corporation with its principal place of business in Las Vegas, Nevada, is an online seller of water filter systems and other emergency preparedness products.

[2]  Podium, a Delaware corporation with its principal place of business in Lehi, Utah, provides a customer communication platform that allows businesses to interact with their customers on a local level, including through webchat, text messages, and phone calls.

[3]  A copy of the executed Agreement, along with two prior executed agreements from January 2024, and March 2023 (collectively, the "Agreements"), are attached as Exhibit A-1 to Podium's Motion.  *See* Docket No. 49-3.

[4]  The Terms are attached as Exhibit A-2 to Podium's Motion, and the Acceptable Use Policy is attached as Exhibit A-3.  *See* Docket Nos. 49-4 and 49-5.

Initials of Deputy Clerk __sr__

this case, the pleadings, declarations and documentary evidence submitted by the parties provide an adequate basis for evaluating jurisdiction.  Accordingly, no evidentiary hearing is necessary.

Because this matter is being decided on the basis of affidavits and documentary evidence, Plaintiffs need only make a prima facie showing of personal jurisdiction. *See Fields v. Sedgwick Associated Risks, Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986). All allegations in Plaintiffs' complaint must be taken as true, to the extent not controverted by Defendant's affidavits, and all conflicts in the evidence must be resolved in their favor.  *AT&T Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) (citing *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989)).  If Plaintiffs' evidence constitutes a prima facie showing, this is adequate to support a finding of jurisdiction, "notwithstanding [a] contrary presentation by the moving party."  *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).

### B.      Rule 12(b)(3)

Rule 12(b)(3) and 28 U.S.C. § 1406(a) "allow dismissal only when venue is 'wrong' or 'improper.'"  *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 55 (2013).  "When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b).  If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a).[5]  28 U.S.C. § 1391(b) provides that a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

To establish that venue is proper under 28 U.S.C. § 1391(b)(2), a "[p]laintiff need not show that the [Central] District of California has the most substantial relationship to the dispute [ ] or that it is the 'best' venue [ ].  Rather, for venue to be proper, significant events or omissions material to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere."  *Richmond Techs., Inc. v. Aumtech Bus. Sols.*, 2011 WL 2607158, at *10 (N.D. Cal. July 1, 2011) (citations omitted).  For purposes of establishing the propriety of venue under 28 U.S.C. § 1391(b)(2) in a contract case, "substantial events to be considered include . . . where performance or breach occurred."  *Lerman v. My Pillow, Inc.*, 2012 WL 12953662, at *7 (C.D. Cal. Oct. 1, 2012) (citing *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986)).

---

[5]  "Whether the parties entered into a contract containing a forum-selection clause has no bearing on whether a case falls into one of the categories of cases listed in § 1391(b)."  *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 56 (2013).  Accordingly, a defendant may not enforce a forum-selection clause by a motion to dismiss under 28 U.S.C. § 1406(a) or Rule 12(b)(3).  *Id.* at 52.  "Instead, a forum-selection clause may be enforced by a motion to transfer under § 1404(a)." *Id*.

Initials of Deputy Clerk  _sr_

### C.    Rule 12(b)(6)

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  "A Rule 12(b)(6) dismissal is proper only where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"  *Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc.*, 922 F. Supp. 299, 304 (C.D. Cal. 1996) (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)).  However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.*

In deciding a motion to dismiss, a court must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party.  *See, e.g., Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).  "However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations."  *Summit Technology*, 922 F. Supp. at 304 (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) *cert. denied*, 454 U.S. 1031 (1981)).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion."  *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted).  However, a court may consider material which is properly submitted as part of the complaint and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201 without converting the motion to dismiss into a motion for summary judgment.  *See, e.g., id.*; *Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994).

Where a motion to dismiss is granted, a district court must decide whether to grant leave to amend.  Generally, the Ninth Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted.  *See, e.g., DeSoto v. Yellow Freight System, Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  However, a Court does not need to grant leave to amend in cases where the Court determines that permitting a plaintiff to amend would be an exercise in futility.  *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

## III.    Discussion

In its Motion, Podium argues that Berkey's TPC should be dismissed pursuant to Rule 12(b)(2) because the Court lacks personal jurisdiction over Podium.  Podium also argues that Berkey's TPC should be dismissed pursuant to Rule 12(b)(3) for improper venue because the Terms provide that "[t]he exclusive jurisdiction and venue for actions related to the subject matter of this Agreement will be the state courts located in Salt Lake County or Utah County, Utah or the United States District

Initials of Deputy Clerk _sr_

Court

for the District of Utah, and both parties submit to the personal jurisdiction of these courts."[6]  In addition, Podium argues that Berkey's TPC should be dismissed pursuant to Rule 12(b)(6) because

Berkey has failed to state a claim upon which relief can be granted.[7]  In its Opposition, Berkey argues

that Podium is subject to specific personal jurisdiction in California by virtue of its continuous contacts

with California.  Berkey also argues that venue is proper because the underlying harm occurred in California, Podium's Terms constitute an unenforceable "browserwrap," and Podium's mediation clause is unconscionable.  In addition, Berkey argues that it sufficiently alleged all of its claims.

> **A.    Berkey Has Failed to Demonstrate that Podium Is Subject to Personal Jurisdiction in California.**

Whether a federal court can exercise personal jurisdiction over a non-resident defendant turns on two independent considerations: whether an applicable state rule or statute permits service of process on the defendant, and whether the assertion of personal jurisdiction comports with constitutional due process principles.  *See Pac. Atl. Trading Co. v. M/V Main Express*, 758 F.2d 1325, 1327 (9th Cir. 1985).  California's long-arm statute extends jurisdiction to the limits of constitutional due process.  *See Gordy v. Daily News, L.P.*, 95 F.3d 829, 831 (9th Cir. 1996); Cal. Code. Civ. Proc. § 410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States").  Consequently, when service of process has been effected under California law, the two prongs of the jurisdictional analysis collapse into one – whether the exercise of jurisdiction over the defendant comports with due process.  *See Fireman's Fund Ins. Co. v. Nat'l Bank of Cooperative*, 103 F.3d 888, 893 (9th Cir. 1996); *Aanestad v. Beech Aircraft Corp.*, 521 F.2d 1298, 1300 (9th Cir. 1974).

The Fourteenth Amendment's Due Process Clause permits courts to exercise personal jurisdiction over a defendant who has sufficient "minimum contacts" with the forum state such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice*." Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  There are two recognized bases for personal jurisdiction over nonresident defendants: (1) "general jurisdiction," which arises where the defendant's activities in the forum state are sufficiently "substantial" or "continuous and systematic"

---

[6]  The Supreme Court has concluded that Rule 12(b)(3) is not the "proper mechanism[ ] to enforce a forum-selection clause." *Atl. Marine Const.*, 571 U.S. at 61.  Instead, Rule 12(b)(3) "authorize[s] dismissal only when venue is 'wrong' or 'improper' in the forum in which it was brought." *Id.* at 55.  "Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws, and [Rule 12(b)(3)] say[s] nothing about a forum-selection clause." *Id.*  Accordingly, the Court declines to dismiss this case under Rule 12(b)(3) pursuant to the forum selection clause, and Podium's Motion is denied to the extent it seeks to dismiss Berkey's TPC pursuant to Rule 12(b)(3).

[7]  Because the Court has concluded that Berkey has failed to demonstrate that Podium is subject to personal jurisdiction in California, the Court does not need to address, and does not address, Podium's argument with respect to Rule 12(b)(6).

to justify the exercise of jurisdiction over him in all matters; and (2) "specific jurisdiction," which arises when a defendant's specific contacts with the forum have given rise to the claim in question. *See Helicopteros Nacionales de Columbia S.A. v. Hall*, 466 U.S. 408, 414–16 (1984); *Doe v. Am. Nat'l Red Cross,* 112 F.3d 1048, 1050–51 (9th Cir. 1997).

### 1.    General Jurisdiction

General jurisdiction allows a court to hear any and all claims against a defendant regardless of whether the claims relate to the defendant's contacts with the forum state.  *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) ("[A] finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities in the world.").  For general jurisdiction to exist, a defendant's affiliations with the forum state must be "so 'continuous and systematic' as to render [it] essentially at home in the forum[.]"  *Daimler AG v. Bauman*, 571 U.S. 117, 138–39 (2014) (*quoting Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).  In the case of a corporation, "[t]he paradigmatic locations where general jurisdiction is appropriate . . . are its place of incorporation and its principal place of business."  *Ranza v. Nike, Inc.,* 793 F.3d 1059, 1069 (9th Cir. 2015) (internal citation omitted).  "Only in an 'exceptional case' will general jurisdiction be available anywhere else."  *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014).

In this case, Berkey does not address, and thus concedes, Podium's argument that it is not subject to general jurisdiction in California.  *John-Charles v. California*, 646 F.3d 1243, 1247 n.4 (9th Cir. 2011) (deeming issue waived where party "failed to develop any argument"); *Lopez v. Cnty. of L.A.*, 2016 WL 54123, at *3 (N.D. Cal. Jan. 5, 2016) ("Plaintiff failed to oppose  and thus conceded  this argument"); *City of Arcadia v. EPA*, 265 F. Supp. 2d 1142, 1154 n.16 (N.D. Cal. 2003) ("[T]he implication of this lack of response is that any opposition to this argument is waived").  In addition, the TPC is devoid of any allegations that suggest that Podium's contacts with California "are so continuous and systematic as to render [it] essentially at home" in the state.  *Daimler,* 571 U.S. at 138-39 (internal quotation marks and citation omitted).  Indeed, Podium is not incorporated in California and its principal places of business is not located in California.  Instead, Podium is a Delaware corporation with its principal place of business in Lehi, Utah.  Moreover, Podium does not own, use, or possess any offices or other real estate in California.  As a result, the Court concludes that "this is not the exceptional case where general jurisdiction can be asserted outside a corporation's place of incorporation and principal place of business."  *See Lindora, LLC v. Isagenix Int'l, LLC*, 198 F. Supp. 3d 1127, 1137-38 (S.D. Cal. 2016).

Accordingly, the Court concludes that Podium is not subject to general jurisdiction in California.

### 2.    Specific Jurisdiction

#### a.    The Legal Standard for Specific Jurisdiction

For a court to exercise specific jurisdiction, the plaintiff's lawsuit must arise out of or relate to

Initials of Deputy Clerk __sr__

the defendant's contacts with the forum.  *Bristol-Meyers Squibb Co. v. Superior Ct.*, 137 S. Ct. 1773, 1778 (2017).  The Ninth Circuit applies a three-part test to determine whether a court has specific jurisdiction over a non-resident defendant:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the plaintiff's claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017).  A plaintiff bears the burden of establishing the first two prongs.  *Schwarzenegger,* 374 F.3d at 802.   If the plaintiff fails to satisfy either of the first two prongs, then personal jurisdiction over the defendant does not lie in the forum state.  *Id*.  If the plaintiff succeeds on the first two prongs, then the defendant must present a compelling case as to why exercising jurisdiction would be unreasonable.  *Id.*

The first prong of the specific jurisdiction test, although commonly referred to as the purposeful availment requirement, actually consists of two distinct concepts.  *Id.*  A plaintiff may satisfy this element by demonstrating that the defendant "has either (1) 'purposefully availed' [it]self of the privilege of conducting activities in the forum [state], or (2) 'purposefully directed' [its] activities toward the forum."  *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006). The purposeful availment concept generally applies in contract cases, whereas the purposeful direction concept applies in tort cases.  *Axiom*, 874 F.3d at 1069; *see also Fiore v. Walden*, 688 F.3d 558, 576 (9th Cir. 2012), *rev'd on other grounds by Walden v. Fiore*, 571 U.S. 277 (2014).

To satisfy the second part of the specific jurisdiction test, a plaintiff's claims must "arise[ ] out of or relate[ ] to the defendant's forum-related activities."  *Schwarzenegger,* 374 F.3d at 802. The Ninth Circuit applies a "but for" test to determine forum-related conduct.  *Fiore*, 688 F.3d at 582.  Therefore, a plaintiff must demonstrate that it would not have suffered its alleged injuries in the forum state but for the defendant's actions.  *Id*.

Even if a plaintiff is able to establish a prima facie case for jurisdiction over a defendant, the burden then shifts to the defendant to present a compelling case as to why exercising jurisdiction would not be reasonable.  *Schwarzenegger,* 374 F.3d at 802.  In determining whether jurisdiction is reasonable, courts consider seven factors: (1) the extent of a defendant's purposeful interjection into the forum; (2) the burden on the defendant in defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the dispute; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.  *See CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1079 (9th Cir. 2011) (internal citation omitted).  "No one factor is dispositive; a court must balance all seven." *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir.1998).

Initials of Deputy Clerk  _sr_

> **b.**    **Berkey Has Failed to Demonstrate That Podium Is Subject to Specific Jurisdiction in California**

In this case, although Berkey argues that Podium is subject to specific jurisdiction in California,
Berkey has failed to provide any factual or legal support for its argument.  Instead, Berkey merely alleges in its TPC that "[t]his Court has personal jurisdiction over Podium because it transacts business in this judicial district, has a continuous, systematic, and substantial presence within the Central District of California, and has engaged in conduct within this District, including the acts that give rise to the counterclaims alleged by [Berkey] and causing damage within this District."[8]  TPC, ¶ 6.  However, such conclusory allegations are insufficient to establish that Podium is subject to specific personal jurisdiction in California.  *Fatnani v. JPMorgan Chase Bank, N.A.*, 743 F. Supp. 3d 1253 (D. Or. 2024) (finding that general, conclusory allegations are insufficient to establish personal juridiction); *see also Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) ("The court may consider evidence presented in affidavits to assist it in its determination").

In contrast to Berkey's conclusory allegations, Podium has submitted the declaration of Liam Golightley ("Golightley"), the Vice President of Customer Success at Podium, who states that Podium does not have any offices or other real estate in California and no Podium employees responsible for managing Berkey's relationship with Podium is, or has at any relevant time been, based in California.  *See* Golightley Declaration (Docket No. 49-2),  ¶ 6.  Golightley also explains that although Berkey was sending text messages to Plaintiff, who was located in California, Podium was not directly responsible for sending those text messages to Plaintiff or any of Berkey's other customers who may have been located in California.  Instead, Golightley states that Podium's customers, such as Berkey, create the content of the text messages sent to individuals, such as Plaintiff, and Podium's customers, not Podium, manage the phone numbers of the individuals contacted and they select which phone numbers receive text messages.  *Id.*, ¶  4.  In response, Berkey failed to provide any declarations or evidence rebutting Golightley's declaration or that otherwise demonstrates that Podium was responsible for any activity directed at individuals located in California.  *See, e.g., Abitbol v. Homelink, LLC,* 2020 WL 5102149 (C.D. Cal. July 28, 2020) (concluding that the plaintiff had failed to establish personal jurisdiction where the plaintiff did not provide any declarations or evidence in response to declaration submitted by the defendant with its motion to dismiss pursuant to Rule 12(b)(2)).

Accordingly, the Court concludes that Berkey has failed to demonstrate that Podium is subject
to personal jurisdiction in California.

---

[8]  It is undisputed that Podium is a Delaware corporation with its principal place of business in Utah and that Berkey is a Nevada corporation with its principal place of business in Nevada.  It is also undisputed that the Agreements were not negotiated or executed in California.

Initials of Deputy Clerk  _sr_

### B.      Podium's Motion is Also Granted for Berkey's Failure to File a Proposed Statement of Decision

The Court's Standing Order, filed on October 9, 2026 (Docket No. 9), provides in relevant part:  "Not more than two days after the deadline for filing the Reply, each party shall lodge a Proposed Statement of Decision, which shall contain a statement of the relevant facts and applicable law with citations to case law and the record."  Standing Order, § 5(f).  The deadline for filing the Reply was April 13, 2026, and, as a result, the deadline for filing the Proposed Statement of Decision was April 15, 2026.  See L.R. 7-10.  Berkey and Plaintiff failed to timely file and still have not filed the required Proposed Statement of Decision.

Pursuant to Local Rule 7-12, "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ."  In addition, the Standing Order expressly provides that the "[f]ailure to lodge the Proposed Statement will result in the denial or granting of the motion."  Standing Order, § 5(f).  Accordingly, pursuant to Local Rule 7-12 and the Standing Order, Podium's Motion to Dismiss is granted on the alternative ground that Berkey and Plaintiff failed to file a Proposed Statement of Decision.

## IV.      Conclusion

For all the foregoing reasons, Podium's Motion to Dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction is **GRANTED**, and Podium is **DISMISSED without prejudice** from this action.[9]  Podium's Motion to Stay is **DENIED as moot**.

IT IS SO ORDERED.

---

[9]  Because Podium is the only defendant named in Berkey's TPC, the TPC is also **DISMISSED without leave to amend.**

Initials of Deputy Clerk  _sr_