Mahyar Ghassemian, Esq. [SBN 203839]
mghassemian@glgattorneys.com
GHASSEMIAN LAW GROUP, APC
27405 Puerta Real, Suite 250
Mission Viejo, CA 92691
Telephone: (949) 436-2785
Facsimile: (949) 371-8076

Attorneys for Defendant LPC SURVIVAL, LTD D/B/A USA BERKEY FILTERS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NATHAN GAINES, individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>LPC SURVIVAL, LTD D/B/A USA BERKEY FILTERS;<br><br>Defendant. | Case No. 2:25-cv-09291-JFW(Ex)<br><br><u>Assigned For All Purposes To</u>:<br>Honorable John F. Walter<br>Courtroom 7A<br><br>**[PROPOSED] STATEMENT OF DECISION AND PROPOSED ORDER DENYING PLAINTIFF NATHAN GAINES' MOTION FOR CLASS CERTIFICATION**<br><br>Hearing Date: November 9, 2026<br>Time: 1:30 p.m.<br>Courtroom: 7A, 7th Floor<br><br>Action Filed: September 29, 2025<br>Trial Date: February 23, 2027 |

Before the Court is Plaintiff Nathan Gaines' ("Plaintiff") Motion for Class Certification [ECF 83] ("Motion"). Defendant LPC Survival, Ltd. d/b/a USA Berkey Filters ("LPC") filed an Opposition ("Opposition") on October 7, 2026. ECF 99. Having considered the briefs, the evidence submitted, and the arguments

of counsel, the Court finds that Plaintiff has failed to carry his burden under Federal Rule of Civil Procedure 23(a) and 23(b)(3). The Court therefore **DENIES** Plaintiff's Motion for Class Certification.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed the operative Complaint on September 29, 2025, including class action allegations for alleged violations of the Telephone Consumer Protection Act ("TCPA") codified at 47 U.S.C. § 227(c)(5), and its implementing regulations codified at 47 C.F.R. 16200(d). ECF 1 at ¶¶ 8-11. The Complaint alleges that Plaintiff requested to opt out of LPC's marketing text messages on or about July 22, 2025, but that LPC did not honor the revocation made by Plaintiff. ECF 1 at ¶¶ 12-13.

The Complaint alleges that putative class members suffered similar harm to Plaintiff, defining the class as: "All persons within the United States who, within the four years prior to the filing of this lawsuit through the date of class certification, received two or more text messages within any 12-month period, from or on behalf of Defendant, regarding Defendant's goods, services, or properties, to said person's residential cellular telephone number, after communicating to Defendant that they did not wish to receive text messages by replying to the messages with a "stop" or similar opt-out instruction." ECF 1 at ¶ 28.

On September 9, 2026, Plaintiff filed their Motion for Class Certification [ECF 83], the Declaration of Gerald D. Lane, Jr., Esq. ECF 84, and Declaration of Expert Aaron Woolfson [ECF 85] and associated exhibits in support thereof. Plaintiff's Motion provides an alternate class definition: "All persons in the United States who, from September 29, 2021 through the date of class certification, (a) sent a text message to Defendant requesting that Defendant stop sending them text messages, as reflected in Defendant's Podium platform records, and (b) thereafter received two or more text messages from or on behalf of Defendant within any

twelve-month period, as reflected in those same records." ECF 83 at 4:23-27 – 5:1-3.

On October 7, 2026, LPC filed its Opposition to Plaintiff's Motion for Class Certification [ECF 99], the Declaration of Mahyar Ghassemian, Esq. [ECF 101], and the Declaration of Lance Mathews and associated exhibits [ECF 102] in support thereof.

## II. LEGAL STANDARD

"Rule 23 does not set forth a mere pleading standard." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). A party seeking class certification "must affirmatively demonstrate his compliance with the Rule." *Id.* Plaintiff bears the burden of demonstrating that he has met each of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b). *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979 (9th Cir. 2011).

## III. DISCUSSION

### A. Plaintiff Has Not Satisfied the Requirements of Rule 23(a).

#### 1. Numerosity

"Rule 23 implicitly requires the proposed class to be ascertainable by reference to objective criteria." *Walter v. Leprino Foods Co.*, 670 F. Supp. 3d 1035, 1046 (E.D. Cal. 2023). Courts generally find numerosity satisfied where the class comprises 40 or more members, and not satisfied where it comprises 21 or fewer. *Celano v. Marriott Int'l, Inc.*, 242 F.R.D. 544, 549 (N.D. Cal. 2007).

The Court finds that Plaintiff's proposed class is not defined by objective criteria. Membership turns on whether a person "request[ed] that [LPC] stop sending them text messages" Motion at 4:24–26, as subjectively determined by Plaintiff's expert. The Court further finds that the asserted 430-member class is not supported by the record and is contrary to the findings of putative class members concluded by Defendant's expert. Given Plaintiff's failure to demonstrate

numerosity of its proposed class, Plaintiff has resultingly not shown that the class is so numerous that joinder is impracticable.

**2. Commonality**

Commonality requires a common contention "capable of classwide resolution," such that its "truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart*, 564 U.S. at 350. Where revocation of consent is at issue, "[s]uch analysis may require a detailed inquiry into various representations and conduct made by a potential class member and defendant." *Silver v. Pa. Higher Educ. Assistance Agency*, No. 14-cv-00652-PJH, 2020 WL 607054, at *16 (N.D. Cal. Feb. 7, 2020).

The Court finds that the central question in this action, whether each putative member effectively revoked consent, cannot be resolved in one stroke. Plaintiff contends that "[n]o class member need be asked anything." Motion at 7:1–3. The Court disagrees on the grounds that the putative members used different words and phrases, the sufficiency of which must be evaluated individually. The Court further finds that the variation amongst the putative members extends beyond mere wording and encompasses issues regarding post-transaction messages and subsequent reinitiation of consent after an initial revocation. These issues do not share a common question of law or fact to satisfy FRCP Rule 23(a)(2). Commonality is not satisfied.

**3. Typicality**

Typicality is not met where the named plaintiff is subject to unique defenses that "threaten to become the focus of the litigation," creating a "danger that absent class members will suffer if their representative is preoccupied with defenses unique to it." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).

The Court finds that Plaintiff's claim is atypical. Plaintiff asserts that he, like every other member, "asked Defendant to stop." Motion at 8:24–26. He did not. Plaintiff texted "Please cease," and is the only putative member who used that word.

When LPC responded the next day asking him to reply "STOP" if he wished to unsubscribe, Plaintiff did not respond. Motion; 4:11–13. As another court in this District observed under similar circumstances, "[w]ithout explanation, Plaintiff ignored Defendant's clear instruction to stop the messages." *Epps v. Earth Fare, Inc.*, No. CV 16-08221 SJO (SSX), 2017 WL 1424637, at *5 (C.D. Cal. Feb. 27, 2017). These defenses are unique to Plaintiff and threaten to become the focus of the litigation which would undermine and prejudice the interests of absent class members. Accordingly, typicality is not satisfied.

**4. Adequacy of Representation**

Adequacy turns on whether "the named plaintiffs and their counsel have any conflicts of interest with other class members" and whether they "will … prosecute the action vigorously on behalf of the class." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). Inadequate litigation performance, including repeated failures to follow local rules, standing orders, and judicial instructions, is sufficient to defeat adequacy of counsel. *Kandel v. Brother Int'l Corp.*, 264 F.R.D. 630, 634–35 (C.D. Cal. 2010).

The Court finds that Plaintiff has not demonstrated that he will adequately represent the interests of the class. Plaintiff did not submit a declaration in support of his Motion and instead relies on his counsel's characterization of his claim. ECF 84. The Court further finds that the adequacy of Plaintiff's counsel is in doubt. The record shows that Plaintiff's counsel has received 145 Orders to Show Cause regarding sanctions or lack of prosecution in this District, evidencing pre-existing conduct that would not, if repeated, be suitable for vigorous class representation for all absent members. Therefore, adequacy of both Plaintiff and Plaintiff's counsel fails under Rule 23(a)(4).

**B. Plaintiff Has Not Established Predominance Under Rule 23(b)(3).**

Rule 23(b)(3)'s predominance criterion "is even more demanding than Rule 23(a)." *Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013). In TCPA actions,

predominance is satisfied only where the plaintiff "advance[s] a viable theory employing generalized proof to establish liability with respect to the class involved." *Gene & Gene LLC v. BioPay LLC*, 541 F.3d 318, 328 (5th Cir. 2008).

**1. Revocation of Consent**

Where recipients opted in to receive communications, the plaintiff bears the burden of establishing revocation of consent on a classwide basis. *Hiller v. Money Source Inc.*, No. CV-23-00235-PHX-JJT, 2025 WL 1331702, at *4 (D. Ariz. May 7, 2025). Whether a message constitutes a "clear and express revocation" is a "question of fact reserved for the jury." *Herrera v. First Nat'l Bank of Omaha, N.A.*, 2017 WL 6001718, at *4 (C.D. Cal. Dec. 4, 2017).

The Court finds that Plaintiff has offered no classwide method of proving revocation. Plaintiff's expert's identification of "'stop' style" requests is not the legal standard, lacks objective definition, and is subjective by nature. The trier of fact would have to examine the language and context of each putative member's message to determine if effective revocation occurred giving rise to liability. These individualized inquiries predominate over any class-wide question of law or fact.

**2. Transactional Versus Marketing Messages**

Whether a message constitutes marketing or a purely informational communication is a content-based determination requiring "a measure of common sense." *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012). Common issues do not predominate where a defendant's varied interactions with recipients "yielded different answers." *Jeffrey Katz Chiropractic, Inc. v. Diamond Respiratory Care, Inc.*, 340 F.R.D. 383, 388 (N.D. Cal. 2021).

The Court finds that determining whether any member received an actionable marketing message would require individual review of each member's purchase history and the content and context of each message received. These individualized inquiries predominate.

### 3. Re-Consent to Receive Communications

A proposed class is undermined where members requested to resume contact, creating individualized consent questions that "infect" the class. *Ott v. Mortg. Invs. Corp. of Ohio*, 65 F. Supp. 3d 1046, 1067 (D. Or. 2014). The Court finds that putative members reinitiated contact with Defendant after their alleged opt-out, which requires individualized scrutiny of the timing, content, and context of such reinitiation procedures. Plaintiff proposes no classwide method of identifying members who re-consented. These individualized inquiries predominate.

### 4. Residential Subscriber Status

A claim under 47 C.F.R. § 64.1200(d) is available only to residential telephone subscribers, and certification is properly denied where the plaintiff offers no explanation "as to how that question [of residential status] can be answered without individualized inquiries." *Payne v. Sieva Networks, Inc.*, 347 F.R.D. 224, 228 (N.D. Cal. 2024). The Court finds that Plaintiff proposes no classwide method for establishing residential status, and that fact-intensive inquiry would further predominate. Because individualized issues predominate, Plaintiff cannot satisfy Rule 23(b)(3), and the Court need not reach superiority.

### C. Plaintiff's Proposed Class Departs From the Complaint.

"[T]he court is bound to class definitions provided in the complaint and, absent an amended complaint, will not consider certification beyond it." *Costelo v. Chertoff*, 258 F.R.D. 600, 605 (C.D. Cal. 2009). The Court finds that Plaintiff's Motion seeks to certify a broader class than the one pleaded in its operative Complaint. Because Plaintiff has not sought leave to amend, the Court declines to certify a class beyond the one pleaded.

///

///

///

///

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has failed to satisfy the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a), and has failed to establish that common questions predominate under Rule 23(b)(3). Accordingly, Plaintiff's Motion for Class Certification is **DENIED**.

**IT IS SO ORDERED.**

Dated: ______________________ ________________________________

Hon. John F. Walter
United States District Judge

Prepared by:

**GHASSEMIAN LAW GROUP, APC**
Mahyar Ghassemian, Esq.
Attorneys for Defendant, LPC SURVIVAL, LTD D/B/A USA BERKEY FILTERS